**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.,** | **Docket No.:** |
| **Plaintiff,** | |
| -against- | **COMPLAINT** |
| **MATHEW K. HIGBEE, Esq.,** **NICK YOUNGSON,** **RM MEDIA, LTD.,** **And HIGBEE & ASSOCIATES,** | |
| **Defendants.** | |

Plaintiff Meyer, Suozzi, English & Klein, P.C., pro se, complaining of defendants Nicholas "Nick" Youngson, RM Media, Ltd., Mathew K. Higbee, Esq., and Higbee & Associates (collectively, the "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action as one of the unsuspecting victims of a fraudulent scheme in which Defendants abuse the copyright laws by filing copyright registrations over effortless and mundane photographs, making the photos freely available on the internet for no charge so that Defendants can thereby catch innocent people unwittingly using the photos without an "attribution" that is requested on Defendants' purposefully convoluted website where the photos are offered under "license," and then, by using harassing scare tactics to extract money from their victims to "settle" purported copyright claims with the specter of statutory damages of up to $150,000 to which Defendants know fully that they are not entitled.

2. Thus, upon information and belief, Defendants have conspired to orchestrate their fraudulent scheme through the following deceptive tactics, among others:

a. An individual who reportedly lives in England takes photographs of common text printing.

b. A copyright registration is filed with the United States Copyright Office for the subject photos.

c. The photos are then made available on the internet, and easily found through the use of common search terms of the text in the photos, for anyone to copy the photos and use such in whatever manner and for whatever purpose they wish, including for commercial use.

d. On the website page where the photo is found, no charge or any fee is requested for use of the photo as it appears, as Defendants know that no one would actually pay any meaningful money for such mundane photos, yet Defendants have used this scheme to extract thousands of dollars from unsuspecting victims as further described herein.

e. The website from which the photos can be easily copied has a convoluted configuration by which the user would be forced to "click" through a series of different pages and websites to try to decipher who is really entitled to the so-called copyright, under what terms the photos can be used, what the "license" agreement is, who the actual licensor is, what the attribution requested is and what connection the attribution has to the copyright owner, if any, none of which is clearly set forth or even decipherable on careful study.

f. The deceptive website indicates the license is automatically given to the user, but then requires the user to "click" through a series of hyperlinks that lead to a third-party website where there is a different form of "license."

g. Although on the original website where the photo is located, the photo is offered free under license, there is also a free "shared" *form* of license agreement on an entirely different page and website (published by an independent company having nothing to do with these photos or the copyrights) that does not even contain the names of the parties to that form of license or any place in which either party can sign or agree to the terms.

h. In their pursuit of catching innocent victims, Defendants then troll the internet by using precise search criteria tied to the photos so that they can easily monitor who has copied the photos on the internet.

i. Once Defendants identify someone who has used the photo(s) and unwittingly failed to include the "attribution" that is requested on the convoluted website, Defendants launch their extortionate tactics to harass, intimidate and scare the user into paying thousands of dollars.

j. Although, in the website maze in which the photos appear, a party called "Blue Diamond Gallery" is purportedly making the photos available, Defendants do not purport to assert claims on behalf of "Blue Diamond Gallery" or the individual who filed the actual copyright registration, or the entity for which an attribution is requested. (On the website where the photo appears, there is no explanation of who or what "Blue Diamond Gallery" is or what connection it has to the photos or any copyrights.)

k. As part of their extortionate tactics, Defendants send threatening letters through use of a California lawyer and law firm to the unsuspecting victims demanding thousands of dollars to "settle," claiming that the use of the photo constitutes copyright infringement and thereby exposes the user to statutory damages of up to $150,000.

l.  Defendants' demand letter does not provide any factual basis under which damages of up to $150,000 would ever be awarded.

m.  In fact, contrary to the assertions in the demand letter, there is no copyright infringement under the circumstances because the photos are freely made available to the user under a "license," which thereby precludes a claim for copyright infringement and simply renders the use subject to a mere alleged claim of breach of the "license," for which no such "statutory damages" are available and for which no actual damages can be proved, certainly not the thousands of dollars deceptively demanded by Defendants.

n.  Defendants then continue their harassing conduct by repeatedly attempting to extract some form of "settlement" money from their victims, including threatening suit, or in some instances, bringing suit and then quickly settling and/or dismissing such suits.

3.  As a result of the foregoing, Plaintiff brings this action for a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, determining and declaring that (a) Defendants have no legitimate claim for copyright infringement because Plaintiff did not infringe as a matter of law, and (b) Defendants have no cognizable or recoverable damages for breach of contract or otherwise.

4.  Plaintiff also seeks relief, including damages, for Defendants' false, fraudulent and deceptive practices, which violate N.Y. Gen. Bus. L. § 349.

## PARTIES AND JURISDICTION

5.  Plaintiff is a professional corporation duly organized and authorized to do business in the State of New York, with a place of business at 990 Stewart Avenue, Suite 300, Garden City, New York 11530.

6. Upon information and belief, Defendant Nick Youngson is a natural person who resides in the United Kingdom and who claims to be photographer by trade.

7. Upon information and belief, Defendant RM Media, Ltd. is a foreign business entity that operates out of the United Kingdom.

8. Upon information and belief, Defendant Mathew K. Higbee is a natural person, and an attorney licensed under the laws of the State of California.

9. Upon information and belief, Defendant Higbee & Associates (the "Firm") is a law firm with a principal place of business in and formed under the laws of the State of California.

10. Upon information and belief, the Firm is the agent for and conducts business through and on behalf of Defendant RM Media, Ltd., including in and throughout the United States, including the State of New York.

11. An actual, antagonistic and justiciable controversy now exists between Plaintiff and Defendants with respect to which Plaintiff is entitled to have a declaration of its rights and protections, as well as relief, from Defendants' unlawful conduct.

12. This Court has original jurisdiction pursuant to Title 28 of the United States Code, Section 1338(a) (federal question) because this action arises under the Copyright laws of the United States (17 U.S.C. §§ 101 et seq.), and pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

13. This Court has personal jurisdiction over Defendants because they are doing business, and/or transacting business within and directed to New York, and Plaintiff's claims herein arise from those activities.

14. At all relevant times hereto, Defendants' acts and practices occurred in and throughout the United States, including in the State of New York.

15. Defendants' wrongful acts and practices, including those upon which the claims herein are based, have crossed into and taken place in the State of New York.

16. At all times relevant herein, upon information and belief, Defendants have acted in concert with each other, with the knowledge and participation of each other, to commit the wrongful acts alleged herein.

17. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the alleged events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action, is situated in this Judicial District.

## FACTS

18. On or about December 26, 2017, Plaintiff published, on one of its blogs, an article (the "Article").

19. To accompany the Article, Plaintiff's marketing personnel used a generic stock photograph (the "Image") from a website offering "[t]he burden-of-proof *free* pictures for your web site." (Emphasis added.).

20. The Image was "offered" by the Blue Diamond Gallery and hosted on the following website page: http://thebluediamondgallery.com/b/burden-of-proof.html (the "Blue Diamond Website").

21. Copies of the Blue Diamond Website and other related web pages, where the Image was "offered," are annexed hereto as Exhibit 1.

22. On February 5, 2018, Plaintiff received a letter from Defendants, dated January 30, 2018 ("Demand I").

23. Immediately upon receiving Demand I, Plaintiff removed the Image from its website and discontinued such use.

24. Plaintiff has received no monetary benefit from the Image.

25. Any failure by Plaintiff to provide any attribution with the Image was inadvertent, innocent and unintentional.

26. Any failure to provide any attribution with the Image has not resulted in any monetary or other known damage to any of the Defendants.

27. In Demand I, Defendants Higbee and the Firm claimed to represent Defendant RM Media concerning the Image.

28. The Image is a copyrighted work registered to Defendant Youngson.

29. In Demand I, Defendants falsely contended that Plaintiff had infringed Defendant RM Media's alleged copyright in the Image and that "[i]f forced to go to court, [Defendants] will ask for the maximum relief possible, which may include statutory damages under 17 U.S.C. ¶ [*sic*] 504 for up to $150,000 for intentional infringement or $30,000 for unintentional infringement."

30. In Demand I, Defendants referenced an already-established online collection account associated with Plaintiff to which payments were to be immediately made.

31. In making these allegations against Plaintiff, Defendants did not set forth a good faith basis to believe that Plaintiff's use of the Image constituted copyright infringement.

32. In fact, Defendants sent Demand I to Plaintiff knowing that there was no claim of copyright infringement as a matter of law because the Image was offered under license for free including for commercial purposes.

33. In Demand I, Defendants attempted to extract a "settlement" of $5,280 from Plaintiff without ever explaining how Defendants arrived upon that amount, what the basis for such amount could be, or any other explanation.

34. Upon information and belief, Defendants sent Demand I to Plaintiff as a means of harassing and intimidating Plaintiff into thinking that it was exposed to such significant damages, even though Defendants knew full well that there was no legal basis for their claim.

35. Though Demand I provides that Plaintiff had thirty (30) days to respond, in furtherance of their intimidation tactics, Defendants sent multiple communications to Plaintiff within that time that were harassing and threatening.

36. On February 13, 2018, Plaintiff responded to Defendants, informing them of the inherent flaws in their claim, the innocent and *de minimus* nature of the use of the Image, that Plaintiff had discontinued use of the Image and considered the matter closed, and requested that Defendants likewise consider the matter closed.

37. Defendants thereafter sent additional emails and repeatedly called Plaintiff to extract money from Plaintiff, by falsely claiming copyright infringement and demanding thousands of dollars.

38. Defendants then sent an escalated communication dated May 9, 2018, which Plaintiff received on May 22, 2018, which included a purported draft of a civil complaint ("Demand II").

39. In Demand II, Defendants falsely claimed again that Plaintiff "engaged in copyright infringement when it posted [the] client's copyrighted image on its website without a valid licensing agreement."

40. However, Defendants were fully aware that the Image was made available by license (albeit in the convoluted and confusing websites that Defendants used to trap unsuspecting victims of its fraudulent and deceptive scheme).

41. In Demand II, Defendants again claimed that they are "entitled to recover Statutory damages of up to $150,000 for each infringement and may also recover attorney fees and court costs. *See* 17 U.S.C. §§ 504 & 505."

42. Demand II stated that the "offer will be open for fifteen (15) days from the date of [the] letter, after which our client has instructed us to file the enclosed Complaint and seek damages to the full extent of the law."

43. Upon information and belief, Defendants falsely and strategically claimed entitlement to the maximum statutory damages, emphasized the discretionary fees and cost, and marked Demand II with a period of urgency, to further pressure, intimidate, and frighten Plaintiff into immediately paying the requested settlement amount.

44. Defendants' assertions of copyright infringement are false and deceptive for various reasons, including, but not limited to, the fact that the Image was "offered" expressly under license, and thus, Plaintiff had a license and did not infringe the copyright as a matter of law.

45. Defendants are also guilty of fraudulent business practices in violation of N.Y. Gen. Bus. L. § 349, for various reasons, including, but not limited to numerous wrongful and deceptive acts as further set forth herein, including as alleged above and as follows:

   a. promoting the Image as "free," with no restriction on access and no requirement to agree to terms before use, with the intent that it be so used;

   b. trolling the Internet for users of the Image with intent to trap innocent and unsuspecting victims, whom Defendants could then intimidate into unjustifiably paying thousands of dollars;

c. sending demand letters falsely claiming that Plaintiff does not have a license to use the Image and that Plaintiff infringed the Image copyright, while knowing fully that there is no infringement as a matter of law because the Image was "offered" under a license; and

d. sending the aforementioned demand letters with the intent and purpose to threaten and intimidate Plaintiff into paying money that the Defendants are not entitled to, while knowing fully that there was no good faith basis to believe any claim existed.

## FIRST CLAIM FOR RELIEF
### (For Declaratory Judgment of Non-Infringement)

46. Plaintiff repeats and re-alleges each of the allegations of this complaint as though fully set forth herein.

47. There is a substantial controversy between Plaintiff and Defendants, and they have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

48. By reason of Defendants' wrongful allegations of infringement and other wrongdoing committed by Defendants as alleged herein, a declaratory judgment is necessary to resolve, clarify and settle the respective rights and legal positions of the parties.

49. As such, the Court should issue a declaratory judgment that (a) Plaintiff's use of the Image under license does not constitute copyright infringement as a matter of law, and (b) Defendants cannot sustain any claim for breach of contract (any license) because there are no resulting damages.

## SECOND CLAIM FOR RELIEF
### (For Defendants' violation of N.Y. Gen. Bus. L. § 349)

50. Plaintiff repeats and re-alleges each of the allegations of this complaint as though fully set forth herein.

51.     By reason of the Defendants' deceptive practices of attempting to extort money from Plaintiff under false claims of copyright infringement and as more fully described in this complaint, the Defendants have violated N.Y. Gen. Bus. L. § 349 and thus, Plaintiff is entitled to damages from Defendants, jointly and severally, in an amount established at trial.

WHEREFORE, Plaintiff Meyer, Suozzi, English & Klein, P.C., respectfully requests judgment as follows:

1)      Issuing a declaratory judgment that (a) Plaintiff's use of the Image under license does not constitute copyright infringement as a matter of law, and (b) Defendants cannot sustain any claim for breach of contract (the license) because there are no resulting damages.

2)      Awarding Plaintiff damages against Defendants, jointly and severally, including Plaintiff's full costs of this litigation, including reasonable attorneys' fees as provided for in 17 U.S.C. § 505 and N.Y. Gen. Bus. L. § 349(h); and

3)      Awarding Plaintiff such other relief as this Court may deem just and proper.

Dated:  Garden City, New York
        June 6, 2018

                                                MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
                                                Pro Se
                                                By:    */s/*_____
                                                        Kevin Schlosser
                                                990 Stewart Avenue, Suite 300
                                                Garden City, New York 11530-9194
                                                Tel.:  (516) 741-6565
                                                kschlosser@msek.com

4112009