Rayminh L. Ngo, Esq.
EDNY #RN4834
HIGBEE & ASSOCIATES (*Of Counsel*)
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705
714-617-8336 (Ph)
714-597-6559 (Fax)
rngo@higbeeassociates.com
*Attorney for Defendants Mathew K. Higbee & Higbee & Associates*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.,**<br><br>Plaintiff,<br><br>v.<br><br>**MATHEW K. HIGBEE, Esq.,<br>NICK YOUNGSON,<br>RM MEDIA, LTD., &<br>HIGBEE & ASSOCIATES,**<br><br>Defendants. | Case No. 2:18-cv-03353-ADS-ARL<br><br>**DEFENDANTS MATHEW K. HIGBEE, ESQ., AND HIGBEE & ASSOCIATES REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS [F.R.C.P. 12(b)(6)]** |

## **TABLE OF CONTENTS**

**INTRODUCTION**………………………………………………………………………… 1

**I.      The Facts Relied On In The Higbee Defendants' Motion Are Within The Scope Of The Allegations In The Complaint And May Be Properly Considered**…………………….. 2

**II.      Plaintiff's Declaratory Relief Claim Regarding Copyright Infringement Must Be Dismissed Because The Higbee Defendants Do Not Have Any Interest In The Copyrighted Work At Issue**…………………………………………………………………………… 3

**III.      Plaintiff's Supplemental State Claim Under NY Gen. Bus. Law § 349 Must Be Dismissed As Plaintiff Failed To Allege Injury, The Alleged Conduct Is Not Consumer Oriented And The Alleged Conduct Is Protected By Litigation Privilege**………………….. 7

**CONCLUSION**………………………………………………………………………... 15

# **TABLE OF AUTHORITIES**

**Cases**

*Agence Fr. Presse v. Morel,* 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011) ...................................... 9

*Allstate Ins. Co. v. Afanasyev*, 2016 U.S. Dist. LEXIS 19084, at *6 (E.D.N.Y. Feb. 11, 2016) .... 6

*Brass v. Am Film Techs, Inc.*, 987 F.2d 142, 150 (2d Cir. 2002) ...................................................... 2

*Carlson v American Intl. Group, Inc.,* 30 N.Y.3d 288, 309 (Ct. App. 2017) ......................... 12, 13

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) ..................................... 2, 3

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ....................... 6

*City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 455 (2d Cir. 2008) ....................... 13

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ...................................... 2

*Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d 473, 490 (2d Cir.2014) ............................. 13

*Doe* v. *Columbia University,* 831 F.3d 46, 48 (2d Cir. 2016) ......................................................... 7

*Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) .................................................................. 6

*Front, Inc. v. Khalil* 24 N.Y.3d 713, 715 (Ct. App. 2015) ........................................................... 14

*Gershon v. Hertz Corp.*, 626 N.Y.S.2d 80, 81 (App. Div. 1995) .................................................... 8

*Goshen v. Mutual Life Ins. Co.*, 1997 N.Y. Misc. LEXIS 486, at *12 (Sup. Ct. N.Y. Cty., Oct. 21, 1997) .......................................................................................................................................... 8

*Island Software & Comput. Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 263 (2d Cir. 2005) .... 11

*Keshin v. Montauk Homes*, LLC, 2018-04316 (NY App.—2nd Dept, Jun. 13, 2018) .................. 12

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) .............................. 4

*Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011) ........................................................... 4

*Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 697 (2d Cir. 1994) .................... 8

*Philpot v. LM Communs. II of S.C., Inc.*, 2018 U.S. Dist. LEXIS 113927, at *19-20 (E.D. Ky. July 10, 2018) ............................................................................................................................ 6

*Philpot v. Music Times LLC*, 2017 U.S. Dist. LEXIS 48454 (S.D.N.Y. Mar. 29, 2017) ............... 5

*Reed v. Garden City Union Free School Dist,* 987 F.Supp.2d 260, 263 (EDNY 2013) ................. 8

*RFP LLC v. SCVNGR, Inc.*, 788 F.Supp.2d 191, 199 (S.D.N.Y. 2011) ........................................ 14

*Schwartz v. Chan*, 2018-03930 (1st Dept., 6/5/18) ........................................................................ 14

*Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) ............................... 13

*Sklover v. Sack*, 102 A.D.3d 855, 856 (2d Dept 2013) .................................................................. 14

*Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) .............................................................. 8

*Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ............................. 6

**Other Authorities**

Restatement (Second) of Torts § 767 ............................................................................................ 14

Defendants MATHEW K. HIGBEE and HIGBEE & ASSOCIATES (hereinafter collectively "Higbee Defendants"), respectfully submit this reply memorandum in support of their motion to dismiss the Complaint filed in this action.

## INTRODUCTION

Plaintiff's Opposition does nothing to demystify the series of bewildering and absurd things its Complaint is asking the Court to do, including, but not limited to: (1) making a copyright holder's attorney a party to a copyright claim for a work in which the attorney has no rights or interest; (2) rendering an attorney a tortfeasor for sending a letter on behalf of its client that addresses viable claims for violations of 17 U.S. Code §1202(b) — removal of copyright management information, and of 17 U.S. Code §501 — copyright infringement; and (3) creating a cause of action for such alleged tort with no alleged damages.

Indeed, the Oppositions own arguments affirmatively demonstrate that Plaintiff definitively engaged in liability imposing conduct, whether through copyright infringement or, as Plaintiff claims, through a breach of contract. Under either theory, Plaintiff would be liable.

As explained more fully below, because the Higbee Defendants have no interest in the Copyrighted Work at issue, thus no case or controversy exists between Plaintiff and the Higbee Defendants and Plaintiff's declaratory relief claim must be dismissed. Additionally, Plaintiff's supplemental state claim under NY Gen. Bus. Law § 349 must also be dismissed as Plaintiff failed to allege injury in its Complaint, the allegedly tortious conduct is not consumer oriented and the allegedly tortious conduct is protected by the litigation privilege.

/ / /

/ / /

/ / /

# ARGUMENT

I. **The Facts Relied On In The Higbee Defendants' Motion Are Within The Scope Of The Allegations In The Complaint And May Be Properly Considered.**

In resolving the Rule 12(b)(6) motions, the Court is limited to the facts alleged in the Complaint, including (i) documents attached to or incorporated by reference in the complaint; (ii) documents "integral" to or relied upon in the complaint, even if not attached or incorporated by reference, and (iii) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Brass v. Am Film Techs, Inc.*, 987 F.2d 142, 150 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (stating that "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

Confusingly, the Opposition claims that the Higbee Defendants' Motion "relies on extraneous factual allegations" which the Opposition argues are not proper consideration on a motion to dismiss. Opp. p. 3; Schlosser Decl. ¶ 4. This is patently false. The only information relied on for the Higbee Defendants' legal arguments are expressly stated in Plaintiff's Complaint.

For example, in its Complaint, Plaintiff expressly admits that on December 26, 2017 it used the Copyrighted Work in a blog article appearing on its website. Complaint ¶¶ 18-19. Plaintiff also admits that it took the Copyrighted Work from the Blue Diamond Gallery website. Complaint ¶ 20. Plaintiff attached as "Exhibit 1" a copy of the Blue Diamond Gallery page from where Plaintiff downloaded the Copyrighted Work. *See* Complaint ¶21, Exhibit 1; *see also* http://www.thebluediamondgallery.com/b/burden-of-proof.html. Using the information shown in

Exhibit 1 to the Complaint, the Higbee Defendants describe in their Motion the licensing terms and attribution requirement that appear on the Blue Diamond Gallery website. Additionally the fact that the Blue Diamond Gallery is owned by Defendant RM Media should come as no surprise to Plaintiff as the webpage shown in Exhibit 1 to Plaintiff's Complaint is clearly marked "Copyright 2017 RM Media" at the bottom.

Finally, the Higbee Defendants did attach to their Motion a true and correct copy of the blog post created by Plaintiff featuring Plaintiff's infringing use of the Copyrighted Work. Plaintiff did not include a copy of the blog post as an Exhibit to the Complaint, ostensibly because it would affirmatively demonstrate the Plaintiff failed to include the proper credit, which is a condition to obtaining a valid license. However, documents "integral" to or relied upon in the complaint, even if not attached or incorporated by reference may be properly considered on a Motion to Dismiss, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002), and therefore it was proper for the Higbee Defendants to attach it, as the blog post may be properly considered in connection with this Motion. *See* Complaint ¶ 19. The nature of Plaintiff's use of the Copyrighted Work at issue is an integral to Plaintiff's claim that it did not infringe any copyrights and is not liable for breach of the license agreement, which requires attribution.

None of the facts relied on by the Higbee Defendants for their legal analysis of Plaintiff's claims fall outside the scope of the Complaint.

**II.     Plaintiff's Declaratory Relief Claim Regarding Copyright Infringement Must Be Dismissed Because The Higbee Defendants Do Not Have Any Interest In The Copyrighted Work At Issue.**

In determining whether a case of actual controversy exists to establish subject-matter jurisdiction over a declaratory action claim, "the question in each case is whether the facts

3

alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011).

As alleged in the Complaint,

> "Plaintiff brings this action for a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, determining and declaring that (a) **Defendants have no legitimate claim for copyright infringement** because Plaintiff did not infringe as a matter of law, and (b) **Defendants have no cognizable or recoverable damages for breach of contract** or otherwise."

Complaint ¶ 3 (emphasis added). Thus, according to the Complaint, the case or controversy to be determined is whether the Defendants, including the Higbee Defendants, have a legitimate claim for copyright infringement and/or breach of contract against Defendants. *See also* Opposition p. 6 ("The foregoing is the factual basis for Plaintiff's request for a judicial declaration that there is no copyright infringement under the circumstances here and no entitlement to the statutory damages").

The Opposition spends an exhausting seven pages arguing that Plaintiff conduct is not copyright infringement but should, instead, be considered under a theory of breach of contract. Setting aside the fact that this argument tacitly acknowledges that Plaintiff would be liable under either theory, the Opposition fails to address the issue that is critical to the instant Motion: that no case or controversy regarding copyright infringement and/or breach of contract exists between Plaintiff and the Higbee defendants because the Higbee defendants do not own any interest in the Copyrighted Work which forms the basis of the infringement and/or breach of contract claim.

The Complaint acknowledges that the Copyrighted Work was originally registered to Defendant Youngson, and that the original correspondence sent to Plaintiff identified Defendant

4

RM Media as the holder of the rights to the Copyrighted Work. *See* Complaint ¶¶ 28-29. Neither of the Higbee Defendants purport to hold any interest in the Copyrighted Work at issue, and the Complaint does not allege that they do.

Since, as the Complaint acknowledges, the Higbee Defendants do not own any interest in the Copyrighted Work, to the extent that an actual case or controversy does exist regarding infringement of the Copyrighted Work or breach of a license agreement, such controversy exists only between Plaintiff and the holder of the rights to the Copyrighted Work, not the Higbee Defendants. Therefore, Plaintiff cannot state a claim for the declaratory relief against the Higbee Defendants, and the claim must be dismissed without leave to amend.

The Higbee Defendants would also note that Plaintiff's declaratory relief claim is Plaintiff's sole basis for this Court to exercise subject matter jurisdiction. Should the Court be inclined to dismiss the Declaratory Relief claim against the Higbee Defendants, Plaintiff's supplemental state claim could not be maintained.

Even if the Court finds the existence of a case or controversy regarding any allegations pertaining to copyright infringement or breach of contract between Plaintiff and the Higbee Defendants, the Plaintiff's own allegations—taken as true—must be resolved in the Higbee Defendants' favor.

The Opposition attempts to make hay out of the fact that the fact that the case cited by the Higbee Defendants, *Philpot v. Music Times LLC*, 2017 U.S. Dist. LEXIS 48454 (S.D.N.Y. Mar. 29, 2017)(report and recommendation), *adopted by Philpot v. Music Times LLC*, 2017 U.S. Dist. LEXIS 70744 (S.D.N.Y., May 9, 2017), was decided on a default judgment. However, this fact does not change the legal analysis, which is directly on point to the instant case.

While "default is an admission of all well-pleaded allegations against the defaulting party," *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (noting that, where a defendant has defaulted, the well-pleaded allegations of the complaint are deemed to be true), a court is still "'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law,'" *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (alteration in original; quoting *Finkel*, 577 F.3d at 84). "If the complaint fails to state a cognizable claim, a plaintiff may not recover even upon defendant's default." *Allstate Ins. Co. v. Afanasyev*, 2016 U.S. Dist. LEXIS 19084, at *6 (E.D.N.Y. Feb. 11, 2016) (citing *Finkel*, 577 F.3d at 84), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 37145 (Mar. 22, 2016). Thus, the legal determination in *Philpot*, that failure to include the attribution required by the Creative Commons license constitutes copyright infringement as a matter of law, is not affected by the fact the it was the result of a default judgment.

Admittedly, case law regarding Creative Commons licenses is sparse, however other courts have reached similar conclusions. *See Philpot v. LM Communs. II of S.C., Inc.*, 2018 U.S. Dist. LEXIS 113927, at *19-20 (E.D. Ky. July 10, 2018)("[I]n this instance, Defendant used an exact copy of a cropped portion of that work—posted on Wikipedia and available for use by all comers for the mere price of compliance with the terms of the Creative Commons license offered by Philpot—on its website. There is no evidence that Defendant did so with Plaintiff's express permission or having obtained a license by accepting and observing the terms of the Creative Commons license offered by Philpot. This is enough to establish infringement under § 501(a).")

The Opposition's claim of a license is also unpersuasive. The license relied on by Plaintiff, a Creative Commons Attribution-ShareAlike 3.0 Unported (CC BY 3.0) ("CC

6

License") which Plaintiff attached to the Complaint as Exhibit 2, requires as a condition, that the consumer "give appropriate credit, provide a link to the license, and indicate if changes were made." *See* Complaint, Exhibit 2. Under paragraph 7(a) titled "Termination" the CC License states that "[t]his License and the rights granted hereunder will terminate automatically upon any breach by You of the terms of this License." *Ibid.* Plaintiff's failure to include the requisite attribution is a violation of the CC License's express attribution requirement, which would trigger the termination clause making any further use of the Copyrighted Work unlicensed and therefore subject to a claim of infringement.

Even if Plaintiff is correct that its conduct does constitute copyright infringement, because Plaintiff failed to comply with the terms of the CC License, it would be liable for breach of contract for failure to include the requisite attribution. As Plaintiff's declaratory relief claim is premised on a determination of no infringement or no breach of contract, whether or not Plaintiff's failure to attribute is ultimately a creature of copyright or contract is irrelevant because liability would attach under either theory.

Thus, Plaintiff's claim for declaratory relief against the Higbee Defendants should be dismissed.

### III. Plaintiff's Supplemental State Claim Under NY Gen. Bus. Law § 349 Must Be Dismissed As Plaintiff Failed To Allege Injury, The Alleged Conduct Is Not Consumer Oriented And The Alleged Conduct Is Protected By Litigation Privilege.

As the Opposition repeatedly states, on a motion to dismiss a complaint for failure to state a claim under FRCP 12(b)(6), the only facts to be considered are those alleged in the complaint. *Doe* v. *Columbia University,* 831 F.3d 46, 48 (2d Cir. 2016) (citing *DiFolco* v. *MSNBC Cable LLC,* 622 F.3d 104, 110-11 (2d Cir. 2010)); *Reed v. Garden City Union Free*

7

*School Dist,* 987 F.Supp.2d 260, 263 (EDNY 2013). This standard is fatal to Plaintiff's claim under NY Gen. Bus. Law § 349.

"To state a claim under § 349, a plaintiff must allege that: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) **the plaintiff was injured as a result.**" *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)(emphasis added).

Nowhere in Plaintiff's Complaint do they allege any injury. The Opposition attempts to paint over this misstep by claiming that Plaintiff suffered injury in the form of "time spent assessing the validity of the Defendants' false claims of copyright, responding to the Higbee Defendants, and being subsequently harassed by the Higbee Defendants." Opposition pp. 21-22. However, no such allegations appear in the Complaint. Even if they did, the fact the Plaintiff had to expend time responding to a potential legal claim, which is exactly what lawyers like Plaintiff do all day, such minimal effort is not a result of *reliance* on a materially deceptive act or practice. *See Goshen v. Mutual Life Ins. Co.*, 1997 N.Y. Misc. LEXIS 486, at *12 (Sup. Ct. N.Y. Cty., Oct. 21, 1997) (dismissing claim because plaintiff could not "allege reliance upon the alleged misrepresentation"); *Gershon v. Hertz Corp.*, 626 N.Y.S.2d 80, 81 (App. Div. 1995) (finding allegations did not show "materially deceptive conduct on which plaintiff relied to his detriment"); *cf. Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 697 (2d Cir. 1994) (dismissing section 349 claim because plaintiff "failed to show that it suffered any injury as a result of … advertisements"). If Plaintiff did in fact think the claims were without merit, it simply could have chosen not to respond to the correspondence or speak with anyone on the telephone. Regardless, the allegations in the Complaint do not speak to any injury suffered by Plaintiff.

8

As explained above, Plaintiff would be liable under either a theory of copyright infringement or, as Plaintiff argues, breach of contract. Even if Plaintiff and the Higbee Defendants disagree about the applicability of the law to the facts at bar, the fact that Plaintiff tacitly acknowledges that they would be liable for *something* undercuts the allegation that Plaintiff suffered a cognizable injury.

Tellingly, Plaintiff's Complaint and the Opposition omit the key fact that the Higbee Defendants original correspondence also averred Plaintiff's liability for violation of 17 U.S.C. § 1202, which prohibits infringers from "intentionally remov[ing] or alter[ing] any copyright management information." Higbee Declaration ¶¶ 21-22, Exhibit B. The statue defines copyright management information as any information conveying "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c)(2). A photo credit appearing in connection with a photograph clearly falls under this definition. *See Agence Fr. Presse v. Morel,* 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011)(Holding that a photo credit constitutes Copyright Management Information for purposes of 17 U.S.C. § 1202, and that failing to include the photo credit properly states a claim for relief.) Violation of this statute carries a penalty of up to $25,000 per offense.

As explained above, Plaintiff did not include a copy of the blog post as an Exhibit to the Complaint, ostensibly because it would affirmatively demonstrate the Plaintiff failed to include the proper credit, which is a condition to obtaining a valid license to use the Copyrighted Work, and would also be grounds for a violation of 17 U.S.C. § 1202.

The Opposition also attempts to paint the Defendants' actions as deceptive and misleading through the attached Declaration of Kevin Schlosser, which makes a highly convoluted and disingenuous argument about how the Copyrighted Work at issue allegedly

9

appears in Google search results and on the Blue Diamond Gallery Website. *See generally* Schlosser Declaration.

Schlosser testifies that "Exhibit 3 is a printout of the recently-altered version of the Blue [Diamond] Gallery Website page that hosts the Image." Schlosser Decl. ¶6. However, Schlosser does not elaborate on what, if any changes were made, and or why such unidentified changes would be material to Plaintiff's claims seeing as how Plaintiff attached as an Exhibit to the Complaint the version of the Blue Diamond Gallery page that Plaintiff claims appeared at the time it obtained the Copyrighted Work in question.

Additionally, Schlosser also testifies that "Exhibit 4 [to the declaration] is a demonstration of how the Image previously could be obtained directly from a Google search, without accessing the Blue [Diamond] Gallery Website, and thereby used free without ever seeing any mention of attribution of anything else from the Blue [Gallery] Website. . . Annexed hereto as Exhibit 5 is a demonstration of how the Image can, now, no longer be obtained directly from a Google search." Schlosser Decl. ¶7.

Not only is this testimony highly misleading, it also contradicts Plaintiff's legal argument that contract, rather than copyright infringement, is the proper cause of action. Schlosser testifies that he was able to obtain the Copyrighted Work directly through a Google search without navigating to the Blue Diamond Gallery Website or viewing the licensing terms. If that is in fact where Plaintiff obtained the Copyrighted Work from, then it strengthens Defendants' argument that Plaintiff engaged in copyright infringement, and not breach of contract since, as Schlosser admits, Plaintiff would not have been aware of the license and therefore would not have entered into a contract. Additionally, as demonstrated in Schlosser's Exhibit 4, the text "Images may be subject to copyright" is prominently displayed below the Copyrighted Work with links to "Learn

10

More" and "Get help". *See* Schlosser Decl., Exhibit 4. Clicking through the links brings the user to a Google page title "Find free-to-use images" which contains the following disclaimer:

> **Note:** Before reusing content, make sure that its license is legitimate and check the exact terms of reuse. For example, the license might require that you give credit to the image creator when you use the image. Google can't tell if the license label is legitimate, so we don't know if the content is lawfully licensed.

*See* https://support.google.com/websearch/answer/29508?hl=en[1]. Thus, if Plaintiff did indeed obtain the Copyrighted Work directly from a Google search, while ignoring the blatant disclaimers provided by Google, not only would that constitute copyright infringement, but the infringement would arguably be willful. *See Island Software & Comput. Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 263 (2d Cir. 2005) (finding that reckless disregard of right may constitute willfulness); see also See 17 U.S.C. § 504 (statutory damages may be increased to $150,000 per infringement if deemed willful.). Schlosser's Exhibit 4 is nothing more than a step-by-step guide of how to commit copyright infringement.

Schlosser's testimony also misleadingly implies that some or all of the Defendants were somehow able to change the Google search results page by falsely stating that "the Image can, now, no longer be obtained directly from a Google search." Schlosser Decl. ¶ 7. A cursory review of Schlosser's Exhibit 5 show that the Copyrighted Work appears on the bottom of page 11 of the Exhibit. *See* Schlosser Decl., Exhibit 5.

Even if Schlosser's testimony were accurate, it would not be material as it is not part of the allegations in the Complaint, and the Complaint expressly alleges that Plaintiff obtained the Copyrighted Work from the Blue Diamond Gallery Website. Complaint ¶¶ 18-20. The testimony is not accurate, however, as none of the Defendants directly control Google or its complex

---

[1] The Court may properly take judicial notice of this webpage pursuant to Federal Rules of Evidence 201.

algorithms, which individually tailor search based on a number of factors including the prior searches of each user. As Google explains on their website,

> Information such as your location, past search history and Search settings all help us to tailor your results to what is most useful and relevant for you in that moment.
>
> We use your country and location to deliver content relevant for your area. For instance, if you're in Chicago and you search "football", Google will most likely show you results about American football and the Chicago Bears first. Whereas if you search "football" in London, Google will rank results about soccer and the Premier League higher.
>
> …
>
> In some instances, we may also personalize your results using information about your recent Search activity. For instance, if you search for "Barcelona" and recently searched for "Barcelona vs Arsenal", that could be an important clue that you want information about the football club, not the city.

*See* https://www.google.com/search/howsearchworks/algorithms/[2].

Thus, try as it might, Plaintiff cannot show that any of the Defendants, including the Higbee Defendants, engaged in any sort of unscrupulous conduct. Instead, as the Schlosser Declaration clearly establishes, it was Plaintiff who engaged in copyright infringement by either expressly ignoring the disclaimers prominently displayed on Google or expressly ignoring the licensing terms displayed on the Blue Diamond Gallery Website.

Additionally, the Opposition has failed to show how the Higbee Defendants' conduct is "consumer oriented." As the New York State Court of Appeals has repeatedly indicated, "[s]ection 349 does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers" in the consuming public at large. *Carlson v American Intl. Group, Inc.,* 30 N.Y.3d 288, 309 (Ct. App. 2017)(quoting *Schlessinger v Valspar Corp.,* 21 N.Y.3d 166, 172 (Ct. App. 2013)); *see also Keshin v. Montauk Homes*, LLC, 2018-04316 (NY App.—2nd Dept, Jun. 13, 2018)(same). Thus, in order to satisfy section 349

---

[2] The Court may properly take judicial notice of this webpage pursuant to Federal Rules of Evidence 201.

12

"as a threshold matter", a plaintiff's "claims must be predicated on a deceptive act or practice that is 'consumer oriented'". *Carlson*, 30 N.Y.3d at 309 (citations omitted).

As "evidence" that the Higbee Defendants' conduct is consumer oriented, the Opposition cites to a third-party discussion forum where anonymous users discuss legal matters including cease and desist letters from the Higbee Defendants. This, however is not sufficient to establish that the Higbee Defendants' conduct is "consumer oriented" for the purposes of § 349. First, the Higbee Defendants are a law firm and, as law firms routinely do, the Higbee Defendants send out numerous letters and other legal correspondence on behalf of their clients. Each claim presents a unique set of facts, unique allegations, and unique legal analysis, even if those claims involve the same represented party.

In this case Plaintiff used a photograph labeled "burden-of-proof" as part of a blog post ironically titled "Standards of Pleading and Proof For Various Claims of Fraud" on their business website. *See* Motion, Exhibit A. The fact that other persons may have received legal correspondence from the Higbee Defendants in their capacity as counsel for Defendants Youngson and RM Media does not mean that the those persons committed the same torts in the same manner as Plaintiff.

"[T]he gravamen of a § 349 claim is consumer injury or harm to the public interest." *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 455 (2d Cir. 2008)(citation omitted). "The critical question, then, is whether the matter affects the public interest in New York, not whether the suit is brought by a consumer or a competitor." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995). Thus, a plaintiff must show that the challenged act or practice had "a broader impact on consumers at large." *Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d 473, 490 (2d Cir.2014).

13

Thus, because the transaction between the Higbee Defendants and Plaintiff is unique and private between the parties, it is not "consumer oriented" for the purposes of § 349. *See RFP LLC v. SCVNGR, Inc*., 788 F.Supp.2d 191, 199 (S.D.N.Y. 2011)(Trademark cease and desist letter does not fall under the purview of 349 because the letter was only directed at the plaintiff and not the public at large).

Finally, the Opposition complains that the Higbee Defendants "cite to out dated cases" to support the argument that the conduct at issue is protected by the litigation privilege. Ironically, many of the "outdated" cases cited by the Higbee Defendants were decided in the last 5 years, including one case decided last month. *See Schwartz v. Chan*, 2018-03930 (1st Dept., 6/5/18)(statements "prepared in connection with a threatened litigation" is "protected by the litigation privilege"); *Sklover v. Sack*, 102 A.D.3d 855, 856 (2d Dept 2013)(statements made for purposes of settling a prospective malpractice litigation afforded absolute privilege); *see also* Restatement (Second) of Torts § 767 cmt. c, at 31 (instituting litigation or threatening to institute litigation must be done in bad faith to support a claim for contract interference); *id*. § 773 illus. 1 (a good faith threat to pursue legal proceedings is not improper).

The Opposition erroneously states that the Higbee Defendants claim an "absolute privilege" with respect to their pre-litigation correspondence. Opposition p. 24. However, the Higbee Defendants made not such statement in their Motion. Rather, the Higbee Defendants recognize that their conduct is protect by a "qualified privilege." In *Front, Inc. v. Khalil*, the New York Court of Appeals held that pre-litigation statements made by counsel in connection with anticipated litigation are subject to a "qualified privilege" against liability. *Front, Inc. v. Khalil* 24 N.Y.3d 713, 715 (Ct. App. 2015). Under this variation of the litigation privilege, the Court of Appeals held that pre-litigation statements of counsel are privileged so long as such statements

14

are "pertinent to a good-faith anticipated litigation". *Id*. at 720. In continuing to recognize New York's recognition of the doctrine, the Court of Appeals explained the policy behind it as follows:

> The rationale supporting the application of privileged status to communication made by attorneys during the course of litigation is also relevant to pre-litigation communication. When litigation is anticipated, attorneys and parties should be free to communicate in order to reduce or avoid the need to actually commence litigation. Attorneys often send cease and desist letters to avoid litigation. Applying privilege to such preliminary communication encourages potential defendants to negotiate with potential plaintiffs in order to prevent costly and time-consuming judicial intervention.

*Id*. at 719.

Here, Plaintiff's claims against the Higbee Defendants stem from the correspondences Plaintiff received from the Higbee Defendants in their representative capacity as attorneys for their clients. As explained above, the Higbee Defendants possessed a good faith basis for the allegations in their correspondence to Plaintiff. Such conduct is undoubtedly protected by the litigation privilege.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Mathew K. Higbee and Higbee & Associates should both be dismissed with prejudice.

Dated: July 20, 2018    HIGBEE & ASSOCIATES

**/s Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
EDNY #RN4834
HIGBEE & ASSOCIATES (*Of Counsel*)
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705
714-617-8336
rngo@higbeeassociates.com
*Attorney for Defendants Mathew K. Higbee & Higbee & Associates*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on this **20th** day of **July, 2018**, on all counsel or parties of record on the service list below.

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.

## SERVICE LIST

Kevin Schlosser
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
Garden City, New York 11530
kschlosser@msek.com