# HIGBEE & ASSOCIATES

| | |
|---|---|
| 605 W. Genesee Street, Ste. 101 | 48 Wall St., Ste. 1100 |
| Syracuse, NY 13204 | New York, NY 10005 |
| Ray L. Ngo, Esq. (*Of Counsel*) | Ph: 801-268-2982 |
| NY Attorney Registration #4780706 | Fax: 888-257-4118 |
| 715 East 3900 South, Ste. 209 | rngo@higbeeassociates.com |
| Salt Lake City, UT 8410 | |

Aug. 6, 2018

**FILED VIA ECF**

Hon. Honorable Arthur D. Spatt
United States District Judge
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, NY 11722-9014

        Re:        **Response to Plaintiff's Letter "Motion to Strike" dated May 18, 2018.**
        Docket #:  **18-cv-3353**
        Title:      ***Meyer, Suozzi, English & Klein, P.C. v. Mathew K. Higbee, Esq;***
                      ***Higbee & Associates; Nick Youngson; & RM Media, Ltd***.

Dear Judge Spatt:

      I represent two of the Defendants named in this action, <u>Mathew K. Higbee, Esq.</u> and his firm <u>Higbee & Associates</u> (hereinafter jointly referred as "Higbee Defendants"). I submit this response to the Plaintiff's letter filed with the Court on 7-30-18 (ECF Doc. 13.) In that letter, Plaintiff asks the Court to strike the Higbee Defendants' memorandum in reply previously filed on 7-20-18 (ECF Doc. 9) relating to the Higbee Defendants' pending motion to dismiss.

      Plaintiff's letter was specifically filed and designated on the docket as a "motion to strike". (See DE 13, "Motion to Strike".) Yet, Your Honor's current individual rules expressly provide:

> [A]ll motions shall comply with Local Civil Rule 7.1, which requires a notice of motion, a memorandum of law, and supporting affidavits and exhibits. <u>No letter motions will be accepted</u>.

*See* Rule IV(B)(emphasis in original).

      Thus, as a threshold matter, Plaintiff's move to strike an entire pleading (and solely for non-substantive reasons) is inappropriate, procedurally improper, and evidently a violation of the

same rules which Plaintiff is accusing the Higbee Defendants of doing. Plaintiff's letter motion violates not only an explicit/emphasized portion of Your Honor's individual rules for motion practice, but also violates Local Civil Rule 7.1's form and content requirements for the filing of a motion. Moreover, under the plain language of Rule 26(f), a motion to strike is reserved for pleadings which involve "redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 26(f). Here, Plaintiff seeks to have Higbee Defendant's reply memorandum stricken not based on any redundant, immaterial, impertinent, or scandalous matter but based solely on the fact that the memorandum contained two brief footnotes and went over the page limit by a mere five (5) pages.

For those reasons, I ask that the Court reject/deny Plaintiff's request to strike the Higbee Defendants' reply memorandum. Alternatively, I ask that the Court grant the Higbee Defendants leave to submit the existing overlength memorandum or leave to resubmit a revised memorandum that conforms with the 10-page limit.

Respectfully,

/s/ Rayminh L. Ngo

_____

Rayminh L. Ngo, Esq.
Attorney for Defendants
Mathew K. Higbee and Higbee & Associates

CC: Kevin Schlosser
     via ECF