# Law Office of Jeanne M. Weisneck

485 Central Park West, Ste. 3A
New York, New York 10025
(T) (917) 651-7232
(F) (646) 370-4727
jweisneck.esq@gmail.com

March 6, 2019

**FILED VIA ECF**
Honorable Arthur D. Spatt
United States District Judge
United States District Court
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

    Re:    Limited Appearance by Defendants Nick Youngson and RM Media, Ltd. for the purpose of filing a Motion to Vacate the Certificate of Default and/or a Motion to Dismiss under FRCP 12(b)
    Docket #    2:18-cv-03353
    Title:    Meyer, Suozzi, English & Klein, P.C. v. Mathew K. Higbee, Esq., Nick Youngson, RM Media, Ltd. and Higbee & Associates

Dear Judge Spatt:

    I am a solo practitioner and was recently retained by Defendants Nick Youngson and RM Media, Ltd. [hereinafter "UK Defendants"] in the above-referenced matter. Due to the circumstances set forth below, I am requesting guidance from your Honor as to how best to proceed in manner that preserves my Clients' defenses while also adhering to the Court's Rules and preferences.

    The action seeks a Declaratory Judgment that Plaintiff did not infringe on a copyright registered to RM Media, Ltd. and alleges that both UK Defendants violated a New York State consumer protection statute. The UK Defendants were never served with the Summons and Complaint, as it was sent to the wrong address, and have not appeared in the action. A Certificate of Default was entered by the Clerk against the UK Defendants on February 20, 2019. A Motion for Default Judgment was filed on March 4, 2019. As stated, *supra*, only RM Media owns the copyright at issue. In addition, neither UK Defendant has a presence in New York, and neither provides goods or services to the general public.

    My Clients wish to make a limited appearance for the purpose of filing a Motion to Vacate the Default entered on February 20, 2019, pursuant to FRCP 55(c), and to Quash Service of Process, and to do so before a Default Judgment can be entered against them. However, as alluded to *supra*, they also have numerous affirmative defenses under FRCP 12(b).

      As I was just retained, I am able to submit the Motion to Vacate/Quash this week, but due to other commitments, am unable to submit a full Motion to Dismiss under 12(b) during that timeframe. I am concerned that if I submit only the 55(c) Motion that I could be deemed to have waived my Clients' rights to file a 12(b) motion at a later date. On the other hand, if I must combine the Motions, I will need additional time to prepare them and would like to ensure that no Default Judgment is entered against my Clients before I have the opportunity to do so. As an alternative to both, I suppose that an Order to Show Cause with a stay of the proceedings is also an option.

      Given the aforementioned, I respectfully request the Court's guidance as to how to proceed in a manner that is consistent with the Court's Rules and preferences, while still preserving my Clients' defenses.

Respectfully,

/s/ Jeanne M. Weisneck. Esq.
_____
Attorney for Defendants Nick Youngson and RM Media, Ltd.


cc:    Kevin Schlosser
       VIA ECF