**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.,**

      Plaintiff,

-against-

**MATHEW K. HIGBEE, Esq.,**
**NICK YOUNGSON,**
**RM MEDIA, LTD., &**
**HIGBEE & ASSOCIATES,**

      Defendants.

---

Docket No. 2:18-cv-03353-ADS-ARL

**REPLY MEMORANDUM OF HIGBEE DEFENDANTS**
**(MATHEW K. HIGBEE, ESQ., and HIGBEE & ASSOCIATES)**
**IN SUPPORT OF MOTION TO DISMISS**

Rayminh L. Ngo, Esq.
EDNY #RN4834
HIGBEE & ASSOCIATES (*Of Counsel*)
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705
714-617-8336 (Ph)
714-597-6559 (Fax)
rngo@higbeeassociates.com
*Attorney for Higbee Defendants*
*(Mathew K. Higbee and Higbee & Associates)*

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………..   1

ARGUMENT………………………………………………………………………..   1

I.      The Facts Relied On In The Higbee Defendants' Motion Are Within The Scope Of
         The Allegations In The Complaint And May Be Properly Considered……………   1

II.     Plaintiff's Declaratory Relief Claim Regarding Copyright Infringement Must Be
         Dismissed Because The Higbee Defendants Do Not Have Any Interest In The
         Copyrighted Work At Issue………………………………………………………   2

III.    Plaintiff's Supplemental State Claim Under NY Gen. Bus. Law § 349 Must Be
         Dismissed As Plaintiff Failed To Allege Injury, The Alleged Conduct Is Not
         Consumer Oriented And The Alleged Conduct Is Protected By Litigation
         Privilege………………………………………………………………………..   5

CONCLUSION…………………………………………………………………… 10

## INTRODUCTION

Plaintiff does nothing to demystify the series of bewildering and absurd things its Complaint is asking the Court to do, including: (1) making a copyright holder's *attorney* a party to a copyright claim for a work in which the attorney has no rights or interest; (2) rendering an attorney a tortfeasor for sending a letter *on behalf of its client* and which addresses viable claims under 17 U.S.C §1202(b)(removal of copyright management information) and of 17 U.S.C §501 (copyright infringement); and (3) asserting a cause of action for an alleged tort with no alleged damages.  As explained more fully below, because the Higbee Defendants have no interest in the Copyrighted Work at issue, no case or controversy exists to sustain Plaintiff's claim for declaratory relief. Additionally, Plaintiff's supplemental state claim is unsupported by any allegation of injuries, the allegedly tortious conduct is not consumer oriented and is protected by the litigation privilege in any event.

## ARGUMENT

**I.      The Facts Relied On In The Higbee Defendants' Motion Are Within The Scope Of The Allegations In The Complaint And May Be Properly Considered**.

In resolving Rule 12(b)(6) motions, a court is limited to facts alleged in the Complaint, including  (i) documents  attached  to  or  incorporated  by reference in  the complaint; (ii) documents "integral" to or relied upon in the complaint, even if not attached or incorporated by reference, and (iii) facts of which judicial notice may properly be taken under FRE 201. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Brass v. Am Film Techs, Inc.*, 987 F.2d 142, 150 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

Plaintiff accuses Higbee Defendants' of relying "on extraneous factual allegations" which it claims are not proper considerations for a motion to dismiss.  Pltf's Opp. p. 3; Schlosser Decl. ¶ 4. This is false. The only facts the Higbee Defendants have relied on are allegations expressly stated in Plaintiff's Complaint (including its own exhibits). The Complaint admits that on Dec. 26, 2017, Plaintiff used the Copyrighted Work in a blog article on its website. Complaint ¶¶ 18-19. Plaintiff also admits it took the Copyrighted Work from the Blue Diamond Gallery website. Compl. ¶ 20. Plaintiff attached as "Exhibit 1" a copy of the Blue Diamond Gallery page from where Plaintiff downloaded the Copyrighted Work.  Compl. ¶21, Exhibit 1. Using Plaintiff's own Exhibit 1 of its Complaint, the Higbee Defendants pointed out the licensing terms and attribution requirement that appear on the Blue Diamond Gallery website.  Additionally, the fact that the Blue Diamond Gallery is owned by Defendant RM Media should come as no surprise to Plaintiff as the webpage shown in Exhibit 1 is conspicuously marked "Copyright 2017 RM Media" at the bottom.

Finally, the Higbee Defendants previously attached a true and correct copy of the blog post which Plaintiff created and which featured the use of the Copyrighted Work.  Plaintiff did not include this as an Exhibit to its Complaint ostensibly because it would affirmatively demonstrate Plaintiff's liability. Nonetheless, documents "integral" to or relied upon in the complaint, even if not attached to the complaint, may be properly considered on a motion to dismiss. *See Chambrs, 582 F.3d at 152-53;* Complaint ¶ 19.

## II.    Plaintiff's Declaratory Relief Claim Must Be Dismissed Because The Higbee Defendants Do Not Have Any Interest In The Copyrighted Work At Issue.

In determining whether a case or actual controversy exists for subject-matter jurisdiction over a declaratory action claim, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse

legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011).  Here, the Complaint alleges:  "Plaintiff brings this action for a declaratory judgment … determining and declaring that (a) **Defendants have no legitimate claim for copyright infringement** because Plaintiff did not infringe as a matter of law, and (b) **Defendants have no cognizable or recoverable damages for breach of contract** or otherwise." Complaint ¶ 3 (emphasis added).  Thus, the case or controversy to be determined is whether the Defendants, including the Higbee Defendants, have a legitimate claim for copyright infringement and/or breach of contract claim against Plaintiff.  *See also* Pltf's Oppos. p. 6 ("The foregoing is the factual basis for Plaintiff's request for a judicial declaration that there is no copyright infringement under the circumstances here and no entitlement to the statutory damages").

Plaintiff spends seven pages arguing that Plaintiff's conduct is not copyright infringement but should, instead, be considered under a theory of breach of contract.  Yet, Plaintiff fails to address the critical issue that no case or controversy regarding infringement and/or breach of contract exists between Plaintiff and the Higbee Defendants because the Higbee Defendants do not own any interest in the Copyrighted Work. The Complaint even acknowledges that the Copyrighted Work was originally registered to Defendant Youngson, and that the original correspondence sent to Plaintiff identified Defendant RM Media as the holder of the rights to the Copyrighted Work. *See* Compl. ¶¶ 28-29.  Neither of the Higbee Defendants has ever purported to hold an interest in the Copyrighted Work, and the Complaint does not allege that they have.

Plaintiff makes hay out of the fact that the case cited by the Higbee Defendants—*Philpot v. Music Times LLC*, 2017 U.S. Dist. LEXIS 48454 (S.D.N.Y. Mar. 29, 2017)(report and

recommendation), *adopted by Philpot v. Music Times LLC*, 2017 U.S. Dist. LEXIS 70744 (S.D.N.Y., May 9, 2017)—was decided on a default judgment. However, this does not change the legal analysis, which is directly on point to the instant case.  Even where a court grants a judgment by default, the court is still "'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)(further citation omitted). "If the complaint fails to state a cognizable claim, a plaintiff may not recover even upon defendant' default. *Allstate Ins. Co. v. Afanasyev*, 2016 U.S. Dist. LEXIS 19084, at *6 (E.D.N.Y. Feb. 11, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 37145 (Mar. 22, 2016). Thus, the legal determination in *Philpot*—that failure to include the attribution required by the Creative Commons license constitutes copyright infringement as a matter of law—is not affected by the fact the that it was the result of a default judgment.

Other courts have reached similar conclusions.  *See, e.g., Philpot v. LM Communs. II of S.C., Inc.*, 2018 U.S. Dist. LEXIS 113927 (E.D. Ky. July 10, 2018).  There, the court observed:

> [I]n this instance, Defendant used an exact copy of a cropped portion of that work—posted on Wikipedia and available for use by all comers for the mere price of compliance with the terms of the Creative Commons license offered by Philpot—on its website. There is no evidence that Defendant did so with Plaintiff's express permission or having obtained a license by accepting and observing the terms of the Creative Commons license offered by Philpot. This is enough to establish infringement under § 501(a).

*Id*. at *19-20.

Here, the license which Plaintiff purportedly relied on—a Creative Commons Attribution-ShareAlike 3.0 Unported (CC BY 3.0)(the "CC License")—requires as a condition that the consumer "give appropriate credit, provide a link to the license, and indicate if changes were made." *See* Compl. Exhibit 2.  Under paragraph 7(a) titled "Termination", the CC License states that "[t]his License and the rights granted hereunder will terminate automatically upon any

breach by You of the terms of this License." *Id.*   Plaintiff's failure to include the requisite attribution is a violation of the CC License, which would trigger the termination clause and thereby make any further use of the Copyrighted Work unlicensed.   Thus, even if Plaintiff were correct that its conduct does constitute copyright infringement, is still committed a breach of contract by failing to include the requisite attribution as expressly required to qualify for the CC License.   As such, Plaintiff cannot be entitled to declaratory relief as requested in the Complaint.

### III.   Plaintiff's Supplemental State Claim Must Be Dismissed As Plaintiff Failed To Allege Injury, And The Alleged Conduct Is Protected By Litigation Privilege.

As Plaintiff states, on a motion to dismiss the only facts to be considered are those alleged in the complaint. *Doe* v. *Columbia University,* 831 F.3d 46, 48 (2d Cir. 2016); *Reedv. Garden City Union Free School Dist.,* 987 F.Supp.2d 260, 263 (EDNY 2013). This standard is fatal to Plaintiff's supplemental state claim under NY Gen. Bus. Law § 349. "To state a claim under § 349, a plaintiff must allege that: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).

Nowhere in Plaintiff's Complaint is there any allegation of injury.  Plaintiff now claims for the first time in its memorandum in opposition that it suffered injuries in the form of "time spent assessing the validity of the Defendants' false claims of copyright, responding to the Higbee Defendants, and being subsequently harassed by the Higbee Defendants".  Pltf's Oppos. pp. 21-22.  These alleged injuries appear nowhere in the Complaint.  Even if they do, the fact the Plaintiff had to expend time responding to a potential legal claim is not a result of *reliance* on a materially deceptive act or practice. *See Goshen v. Mutual Life Ins. Co.*, 1997 N.Y. Misc. LEXIS 486, at *12 (Sup. Ct. N.Y. Cty., Oct. 21, 1997)(dismissing claim because plaintiff could not "allege reliance upon the alleged misrepresentation"); *Ortho Pharmaceutical Corp. v.*

*Cosprophar, Inc.*, 32 F.3d 690, 697 (2d Cir. 1994)(dismissing section 349 claim because plaintiff "failed to show that it suffered any injury as a result of … advertisements"). Indeed, the fact that Plaintiff immediately filed a suit for declaratory relief is evidence that Plaintiff did not in fact rely on the claims in the letter it received from the Higbee Defendants.

Tellingly, Plaintiff's Complaint and memorandum in opposition omit the key fact that the Higbee Defendants' original correspondence actually averred Plaintiff's liability for violation of 17 U.S.C. § 1202, which prohibits infringers from "intentionally remov[ing] or alter[ing] any copyright management information." Higbee Decl. ¶¶ 21-22, Exhibit B.  Copyright management information is defined as any information conveying "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c)(2). A photo credit appearing in connection with a photograph clearly falls under this definition.  *See Agence Fr. Presse v. Morel*, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011)(holding that a photo credit constitutes Copyright Management Information for purposes of 17 U.S.C. § 1202, and that failing to include the photo credit properly states a claim for relief.).  As explained above, Plaintiff did not include a copy of the blog post as an exhibit to the Complaint, as this would demonstrate that Plaintiff failed to include the proper credit, which is a condition to obtaining a valid license to use the Copyrighted Work.  The blog post would additionally demonstrate Plaintiff's violation of 17 U.S.C. § 1202.

Plaintiff also attempts to paint the Higbee Defendants' alleged actions as deceptive and misleading based on the Declaration of Kevin Schlosser (Plaintiff's own counsel) who makes highly convoluted and disingenuous arguments about how the Copyrighted Work allegedly appears in Google search results and on the Blue Diamond Gallery Website. *See* Schlosser Declaration.  Mr. Schlosser declares that "Exhibit 3 is a printout of the recently-altered version of the Blue [Diamond] Gallery Website page that hosts the Image." Schlosser Decl. ¶6. Yet, he

fails to elaborate on what, if any changes were made, and or why such unidentified changes would be material to Plaintiff's claims, especially where the Plaintiff attached as an exhibit to its own Complaint the version of the Blue Diamond Gallery page that the Plaintiff claims appeared at the time it obtained the Copyrighted Work in question.

Additionally, Mr. Schlosser declares:

Exhibit 4 [to the declaration] is a demonstration of how the Image previously could be obtained directly from a Google search, without accessing the Blue [Diamond] Gallery Website, and thereby used free without ever seeing any mention of attribution of anything else from the Blue [Gallery] Website. . . Annexed hereto as Exhibit 5 is a demonstration of how the Image can, now, no longer be obtained directly from a Google search.

Schlosser Decl. ¶7.

That declaration is not only misleading, it also contradicts the Plaintiff's argument that contract, rather than copyright infringement, is the proper cause of action. Mr. Schlosser declares that he was able to obtain the Copyrighted Work directly through a Google search without navigating to the Blue Diamond Gallery Website or viewing the licensing terms.  Yet, his own Exhibit 4 contains the statement **"Images may be subject to copyright"** prominently displayed below the Copyrighted Work with links to "Learn More" and "Get help". *See* Schlosser Decl., Exhibit 4.  Clicking through the links brings the user to a Google page titled "Find free-to-use images" that contains the following disclaimer:

**Note:** Before reusing content, make sure that its license is legitimate and check the exact terms of reuse. For example, the license might require that you give credit to the image creator when you use the image. Google can't tell if the license label is legitimate, so we don't know if the content is lawfully licensed.

*See* https://support.google.com/websearch/answer/29508?hl=en.

Even if the Plaintiff had in fact obtained the Copyrighted Work in the manner described in Mr. Schlosser's declaration, this would only support Defendants' argument that Plaintiff engaged in copyright infringement, and not breach of contract, because the Plaintiff would not

have been aware of the license and therefore would not have entered into any contract.  And if the Plaintiff obtained the Copyrighted Work directly from a Google search while ignoring those blatant disclaimers, its conduct would not only constitute copyright infringement, but the infringement would be *willful*.  *See Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)(reckless disregard of right may constitute willfulness).

Mr. Schlosser implies that the Higbee Defendants were somehow able to change the Google search results, stating "the Image can, now, no longer be obtained directly from a Google search." Schlosser Decl. ¶ 7.  However, a cursory review of Exhibit 5 shows that the Copyrighted Work appears at the bottom of page 11 of that Exhibit. *See* Schlosser Decl., Exhibit 5.  And even if Mr. Schlosser were correct, it would not be material as the Complaint expressly alleges that the Plaintiff obtained the Copyrighted Work from the Blue Diamond Gallery Website, not Google. Complaint ¶¶ 18-20.  Moreover, the Higbee Defendants did not at any time have any direct control over Google or its complex algorithms, which individually tailor search based on a number of factors including the prior searches of each user.  As Google explains on its website:

> Information such as your location, past search history and Search settings all help us to tailor your results to what is most useful and relevant for you in that moment.
>
> We use your country and location to deliver content relevant for your area. For instance, if you're in Chicago and you search "football", Google will most likely show you results about American football and the Chicago Bears first. Whereas if you search "football" in London, Google will rank results about soccer and the Premier League higher.
>
> …
>
> In some instances, we may also personalize your results using information about your recent Search activity. For instance, if you search for "Barcelona" and recently searched for "Barcelona vs Arsenal", that could be an important clue that you want information about the football club, not the city.

*See* https://www.google.com/search/howsearchworks/algorithms/.

Thus, Plaintiff simply cannot show that any of the Defendants engaged in any sort of unscrupulous conduct.  Its own counsel's declaration clearly establishes that it was Plaintiff who

engaged in copyright infringement by either ignoring the disclaimers prominently displayed on Google or ignoring the licensing terms displayed on the Blue Diamond Gallery Website.

Plaintiff also fails to show how the Higbee Defendants' alleged conduct was "consumer oriented" in order to sustain its supplemental state claim. It cites as "evidence" a third-party Internet forum where anonymous users discuss legal matters including cease and desist letters they received from the Higbee Defendants. Expressions of discontent posted by a few anonymous users on a single Internet forum do not in any way establish the alleged conduct is "consumer oriented". As law firms routinely do, the Higbee Defendants have sent out legal correspondences to various third parties on behalf of their clients over the years. Each claim presents unique facts, allegations, and legal analysis, even if the claims involve the same represented party or similar legal theories. The fact that other persons may have received legal correspondences from the Higbee Defendants, in their capacity as counsel for RM Media, does not render the alleged conduct "consumer oriented" under § 349. *See RFP LLC v. SCVNGR, Inc.*, 788 F.Supp.2d 191, 199 (S.D.N.Y. 2011)(cease and desist letter did not fall under § 349 because it was only directed at plaintiff and not the public at large).

Finally, Plaintiff complains that the Higbee Defendants "cite to out dated cases" to support the litigation privilege argument. On the contrary, many of the "outdated" cases cited were decided in the last 5 years, including one decided just three days prior to the filing of Plaintiff's Complaint. *See Schwartz v. Chan*, 2018-03930 (1st Dept., 6/5/18)(statements "prepared in connection with a threatened litigation … protected by the litigation privilege"); *Sklover v. Sack*, 102 A.D.3d 855, 856 (2d Dept. 2013)(statements made for purposes of settling a prospective malpractice litigation afforded absolute privilege).

Plaintiff erroneously claims that the Higbee Defendants asserted an "absolute privilege". Pltf's. Oppos. p. 24.  On the contrary, the Higbee Defendants have expressly recognized that their alleged conduct was protected by a "qualified privilege.", not an absolute privilege.  The New York Court of Appeals recently held that pre-litigation statements made by counsel in connection with anticipated litigation are subject to a "qualified privilege" where such statements are "pertinent to a good-faith anticipated litigation":

> When litigation is anticipated, attorneys and parties should be free to communicate in order to reduce or avoid the need to actually commence litigation. Attorneys often send cease and desist letters to avoid litigation. Applying privilege to such preliminary communication encourages potential defendants to negotiate with potential plaintiffs in order to prevent costly and time-consuming judicial intervention.

*Front, Inc. v. Khalil,* 24 N.Y.3d 713, 715-720 (Ct. App. 2015).

Here, Plaintiff's claims against the Higbee Defendants stem from the correspondence sent by the Higbee Defendants in their representative capacity as attorneys for their clients. The Higbee Defendants had a good faith basis for their allegations in the correspondence to Plaintiff. On the other hand, the Plaintiff was, at all relevant times, an established law firm with an army of attorneys who have formal legal training and was free to independently assess, disagree with and/or and disregard the Higbee Defendant's legal claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Mathew K. Higbee and Higbee & Associates should both be dismissed with prejudice.

Dated:  March 14, 2019          HIGBEE & ASSOCIATES

/s Rayminh L. Ngo
Rayminh L. Ngo, Esq.
*Attorney for Mathew K. Higbee and*
*Higbee & Associates*