```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.,

                    Plaintiff,

        -against-

MATHEW K. HIGBEE and HIGBEE &
ASSOCIATES,

                    Defendants.
----------------------------------------------------------X
```

FILED
CLERK

2:04 pm, May 13, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM OF DECISION & ORDER**
2:18-cv-03353 (ADS)(ARL)

**APPEARANCES:**

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Plaintiff*
990 Stewart Avenue, Suite 300
POB 9194
Garden City, NY 11530
    By:    Kevin Schlosser, Esq., Of Counsel.

**Ngo Law Practice**
*Attorneys for the Defendants*
715 East 3900 South Suite 209
Salt Lake City, UT 84107
    By:    Rayminh Ngo

**SPATT, District Judge**:

On June 7, 2018, plaintiff Meyer, Suozzi, English & Klein, P.C. (the "Plaintiff") brought this action against defendants Nicholas Youngson ("Youngson"), RM Media, Ltd., Mathew K. Higbee, Esq. ("Higbee"), and Higbee & Associates (collectively, the "Defendants") seeking: (1) a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and (2) damages and other relief for alleged false, fraudulent and deceptive practices by the Defendants in violation of N.Y. Gen. Bus. L. § 349.

Presently before the Court is a motion by Higbee and Higbee & Associates (the "Higbee Defendants"), pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), to dismiss the Complaint for failure to state a claim upon which relief may be granted. For the following reasons, the Court grants the Higbee Defendants' motion.

## I. BACKGROUND

Unless otherwise stated, the following facts are drawn from the Complaint, and construed in a light most favorable to the Plaintiff.

The Plaintiff is a law firm in Garden City, New York. Youngson is a photographer who resides in the United Kingdom. RM Media, Ltd. is a foreign business entity that operates in the United Kingdom. Higbee is a California-licensed attorney, and Higbee & Associates is a law firm with a principal place of business in California.

On or about December 26, 2017, the Plaintiff published an article (the "Article"). To accompany the Article, the Plaintiff used a generic stock photograph (the "Image") taken from a website hosted by a party called the Blue Diamond Gallery. After the Plaintiff used the Image, the Higbee Defendants sent a number of letters, e-mails and calls claiming to represent RM Media, Ltd. concerning the Image, which is a copyrighted work registered to Youngson. According to the Plaintiff, these communications threatened to bring claims for copyright infringement asserting damages in excess of $150,000 unless the Plaintiff agreed to a settlement amount of $5,280.

The Plaintiff claims that the Defendants sent these demands knowing that they lacked a good faith basis for claiming copyright infringement, and solely as a means for harassing and intimidating the Plaintiff into paying an unjustified settlement. Specifically, the Plaintiff believes that there can be no claim of copyright infringement as a matter of law because the Defendants offered the Image under license free of charge, including for commercial purposes.

Based on these facts, on June 7, 2018, the Plaintiff brought the instant suit asserting two causes of action. In the first cause of action, the Plaintiff seeks a declaratory judgment that (a) its use of the Image under license does not constitute copyright infringement as a matter of law, and (b) the Defendants cannot sustain any claim for breach of the license because there are no resulting damages. In the second cause of action, the Plaintiff asserts it is entitled to damages under N.Y. Gen. Bus. L. § 349 due to the Defendants' supposed attempt to extort money from the Plaintiff under false claims of copyright infringement.

On June 29, 2018, the Higbee Defendants filed a motion to dismiss claiming the Complaint failed to state a claim upon which relief can be granted.

On April 2, 2019, the Plaintiff submitted a notice of voluntary dismissal withdrawing its claims against Youngson and RM Media, Ltd. pursuant to Rule 41(a)(1)(A)(i).

## II. DISCUSSION

### A. THE LEGAL STANDARD.

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 1940, 173 L.Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**B. AS TO THE PLAINTIFF'S CLAIM FOR A DECLARATORY JUDGMENT.**

The Plaintiff seeks a declaration that "(a) Plaintiff's use of the Image under license does not constitute copyright infringement as a matter of law, and (b) Defendants cannot sustain any claim for breach of contract (any license) because there are no resulting damages." ECF 1 ¶ 49. The Higbee Defendants contend that the Plaintiff cannot state a claim for declaratory relief against them because they do not own any interest in the copyrighted work, which deprives the Court of jurisdiction to issue a declaratory judgment. The Court agrees.

The Declaratory Judgment Act permits a federal court to hear actions for a declaratory judgment when there is "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. The Declaratory Judgment Act does not expand jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 879 (1950). Nor does it provide an independent cause of action. Its operation is procedural only—to provide a form of relief previously unavailable. *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937).

4

"[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting *Aetna Life Ins. Co*, 300 U.S. at 240, 57 S.Ct. 461). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.*, 549 U.S. at 127, 127 S.Ct. 764.

"Throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 564 U.S. 932, 936, 131 S.Ct. 2860, 180 L.Ed.2d 811 (2011). "As with any federal action, courts may not entertain actions for declaratory judgment 'when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action.'" *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F.Supp.2d 398, 403 (S.D.N.Y.2012) (quoting *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968)).

The determination of whether an actual case or controversy exists is made on a case-by-case basis. *Hendrix v. Poonai*, 662 F.2d 719, 721–22 (11th Cir. 1981). However, even if an actual controversy exists, the decision to grant declaratory relief is purely discretionary. *Cohen v. Loeb Partners Corp.*, No. 90-cv-5175, 1992 WL 84535, at *3 (S.D.N.Y. April 13, 1992). A court should entertain a declaratory judgment action "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief

from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Broadview Chemical Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969).

Here, no case of actual controversy exists because the Higbee Defendants possess no adverse legal interests against the Plaintiff. As detailed in the Complaint, the Higbee Defendants are merely agents of the copyright holders, Youngson and RM Media, Ltd. ECF 1 ¶¶ 10, 27–28. They have no ownership or control over the copyright and lack standing to recover from the Plaintiff for violations of the copyright or breaches of any related licenses. A declaratory judgment regarding the Plaintiff's infringement or non-infringement of the copyright therefore would not clarify the legal relationship between the parties because it would only determine the scope of a legal right to which the Higbee Defendants have no claim. The Complaint fails to respond to the Higbee Defendants' argument in this regard. Moreover, the Plaintiff's supplemental brief confirms the Higbee Defendants' lack of a possessory interest over the copyright. ECF 28 at 3 (explaining that the Higbee Defendants only threatened the Plaintiff with a lawsuit "*on behalf of RM Media, Ltd.*" and that Youngson and RM Media are "the purported owners and/or assignee of the alleged copyright material that was the subject of the Higbee Defendants' demands" (emphasis added)).

Courts have generally found that plaintiffs cannot obtain declaratory judgments about the scope of a copyright against parties who lack standing to sue for violations of those copyrights. *See Velvet Underground*, 890 F. Supp. 2d at 404 ("Accordingly, in intellectual property cases, when a declaratory judgment plaintiff seeks a declaration that an asserted right is invalid or otherwise unenforceable and the declaratory defendant provides the plaintiff with a covenant not to sue for infringement of that right, that covenant can 'extinguish any current or future case or controversy between the parties, and divest the district court of subject matter jurisdiction.'"); *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F. Supp. 2d 1080, 1086 (N.D. Cal. 2012) (holding

6

that plaintiff lacked standing for declaratory relief where the defendants lacked standing to sue for copyright infringement; finding that the court would not exercise its discretion to grant declaratory relief even if standing was established; and denying plaintiff's motion for summary judgment as to the declaratory judgment claims and dismissing those claims for lack of subject matter jurisdiction). Most notably, in *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262 (S.D.N.Y. 2014), the court found that the plaintiff could not pursue a declaratory judgment against a defendant who was "neither an owner of the copyrights at issue nor an entity that has been granted an exclusive license by the owners" because the defendant's "inability to sue [the plaintiff] for copyright infringement . . . strip[ped] [the] Court of subject matter jurisdiction." *Id.* at 277, 291.

Similar to those cases, the Plaintiff has "not established a reasonable likelihood of facing copyright infringement liability" because the Higbee Defendants lack the capacity to impose liability on the Plaintiff for violations of the copyright at issue. *Amaretto Ranch Breedables*, 907 F. Supp. 2d at 1086. Adding weight to this conclusion, the Plaintiff withdrew his claims against Youngson and RM Media, Ltd., the actual copyright holders. Consequently, any declaratory judgment for or against the Higbee Defendants would constitute an advisory opinion with no effect on Youngson and RM Media, Ltd.'s ability to assert copyright violations against the Plaintiff in the future. *See Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 304 (E.D.N.Y. 2012) ("Here, plaintiff seeks a declaration regarding the status and rights of Bank of America, which is not a party to this action. . . . To the extent that any "uncertainty" exists over Bank of America's lien status, plaintiff has failed to specify how the resolution of this uncertainty would affect the relationship of the parties to this action.").

Therefore, the Court lacks subject matter jurisdiction to provide the declaration sought by the Plaintiff.

## C. AS TO THE PLAINTIFF'S N.Y. GEN. BUS. L. § 349 CLAIMS.

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c); (c)(3); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Here, the sole basis for subject matter jurisdiction alleged in the Complaint is the existence of federal question jurisdiction "because this action arises under the Copyright laws of the United States (17 U.S.C. §§ 101 et seq.), and pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202)." ECF 1 ¶ 12. Given the absence of a viably pled federal claim, as explained above, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's N.Y. Gen. Bus. L. § 349 claims.

However, it appears that diversity jurisdiction might exist over the Plaintiff's claim because the Plaintiff resides in New York and the Higbee Defendants reside in California. Although the Complaint neither alleges diversity jurisdiction nor specifies the amount in controversy, the

Second Circuit has "held that because the existence of diversity jurisdiction does not depend on a complaint's compliance with the procedural requirements set forth in Fed.R.Civ.P. 8(a)(1), 'where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along, a federal court may ... allow a complaint to be amended to assert those necessary facts.'" *Trans Union LLC v. Lindor*, 393 F. App'x 786, 789 (2d Cir. 2010) (quoting *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir.2009)). Therefore, the Court will provide the Plaintiff an opportunity to amend the Complaint to include any allegations pertinent to invocation of the Court's diversity jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Higbee Defendants' motion to dismiss the Complaint. The Court dismisses the Complaint without prejudice. If the Plaintiff elects to proceed, the Plaintiff is directed to file an amended complaint consistent with this opinion no later than 30 days from the issuance of this opinion.

It is **SO ORDERED**:

Dated: Central Islip, New York

May 13, 2019

                                                        /s/ Arthur D. Spatt

                                                      ARTHUR D. SPATT

                                                 United States District Judge