UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.,

                              Plaintiff,

-against-

MATHEW K. HIGBEE, Esq.,
And HIGBEE & ASSOCIATES,

                              Defendants.

Docket No.: 18-cv-3353 (ADS) (ARC)

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO DISMISS

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565

*Attorney for Plaintiff (Pro Se)*

## TABLE OF CONTENTS

PAGE(S)

Table of Authorities ..................................................................................................... ii-iv

Preliminary Statement .......................................................................................................1

FACTS ...............................................................................................................................2

ARGUMENT .....................................................................................................................2

    I.    STANDARDS APPLICABLE TO THIS MOTION, GEN. BUS. LAW SECTION 349 AND ELEMENTS OF THE CLAIM ............................................2

    II.    PLAINTIFF HAS ADEQUATELY ALLEGED CONSUMER-ORIENTED CONDUCT, DECEPTIVE ACTS BY DEFENDANTS AND INJURY CAUSED BY SUCH DECEPTIVE ACTS ...........................................5

        A.    Consumer-Oriented Conduct ..............................................................................5

        B.    Plaintiff Has Alleged Deceptive Acts ..................................................................6

        C.    Plaintiff Has Alleged Sufficient Injury to State a Claim Under Section 349 ........................................................................................................9

        D.    Defendants are not Immune from this Section 349 Claim ....................................9

        E.    This Court has Diversity Jurisdiction Over the Section 349 Claim ...................10

CONCLUSION ................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) ............................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) ............................................................3

*Bold Elec., Inc. v. City of N.Y.*,
    53 F.3d 465 (2d Cir. 1995) .........................................................................................................2

*Boltin v. Lavrinovich*,
    28 Misc. 3d 1217(A), 958 N.Y.S.2d 59 (NY Sup. Ct. 2010) .................................................6, 9

*Casper Sleep, Inc. v. Mitcham*,
    204 F. Supp. 3d 632 (S.D.N.Y. 2016) ........................................................................................6

*Cleveland v. Caplaw Enters.*,
    448 F.3d 518 (2d Cir. 2006) .......................................................................................................2

*Goshen v. Mut. Life Ins. Co.*, 746 N.Y.S.2d 858 (2002) ...................................................................7

*Graham v. James*,
    144 F.3d 229 (2d Cir. 1998) ...................................................................................................8, 9

*Grand Union Co. v. Cord Meyer Dev. Co.*,
    761 F.2d 141 (2d Cir. 1985) .......................................................................................................8

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) .........................................................................................................3

*I.A.E., Inc. v. Shaver*,
    74 F.3d 768 (7th Cir. 1996) ........................................................................................................9

*Jacob Maxwell, Inc. v. Veeck*,
    110 F.3d 749 (11th Cir. 1997) ................................................................................................8-9

*John Wiley & Sons, Inc. v. DRK Photo*,
    882 F.3d 394 (2d Cir. 2018) .......................................................................................................8

*Ng v. HSBC Mortg. Corp.*,
    NO. 07–CV–5434, 2010 WL 889256 (E.D.N.Y. March 10, 2010) ...........................................4

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995) ........................................................4

*Peer Int'l Corp. v. Pausa Records, Inc.*,
    909 F.2d 1332 (9th Cir. 1990) ...................................................................................8

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.3d 508 (2d Cir.2005) ......................................................................................3

*Rano v. Sipa Press, Inc.*,
    987 F.2d 580 (9th Cir. 1993) ...................................................................................8

*Reed v. Garden City Union Free School Dist.*,
    987 F. Supp. 2d 260 (E.D.N.Y. 2013) .....................................................................2

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) ................................................................................................9

*Sorrentino v. ASN Roosevelt Ctr. LLC*,
    579 F. Supp. 2d 387 (E.D.N.Y. 2008)(Spatt, J.) ....................................................4

*TVT Records v. Island Def Jam Music Group*,
    412 F.3d 82 (2d Cir. 2005) .......................................................................................8

*United States Naval Inst. v. Charter Communications, Inc.*,
    936 F.2d 692 (2d Cir. 1991) .....................................................................................8

*Walker v. Schult*,
    717 F.3d 119 (2d Cir. 2013) .....................................................................................2

*Ward v. TheLadders.com, Inc.*,
    3 F.Supp.3d 151 (S.D.N.Y. 2014) .........................................................................3, 7

*Williams v. Aries Financial, LLC*,
    No. 09–CV–1816, 2009 WL 3851675 (E.D.N.Y. Nov. 18, 2009) ............................4

*Woods v. Maytag Co.*,
    2010 WL 4314313 (E.D.N.Y. Nov. 2, 2010)(Spatt, J.) .......................................3, 4

*Zurakov v. Register.Com, Inc.*,
    304 A.D.2d 176, 760 N.Y.S.2d 13 (1st Dept 2003) ..................................................6

**Statutes**

Copyright Act ...................................................................................................................8

New York General Business Law Section 349 ...........................................1, 3, 4, 5, 6, 9, 10

**Rules**

Fed. R. Civ. P. 8(a) .......................................................................................................1, 3

Fed. R. Civ. P. 9(b) ...........................................................................................................1, 3, 4

Fed. R. Civ. P. 12(b)(6).....................................................................................................1, 2, 3

## Preliminary Statement

Plaintiff respectfully submits this memorandum of law in opposition to the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of defendants Mathew K. Higbee, Esq. and Higbee & Associates. As is clear from the detailed, well-pleaded allegations of the Amended Complaint, plaintiff has plausibly stated a claim under New York General Business Law Section 349 ("Section 349"). As this Court has recognized, an action under Section 349 is not subject to the pleading-with-particularity requirements of Fed. R. Civ. P. 9(b), but need only meet the bare-bones notice-pleading requirements of Fed. R. Civ. P. 8(a). Moreover, plaintiff need not satisfy the elements of common law fraud to state a claim under Section 349.

Plaintiff has adequately alleged the three elements of a Section 349 claim: (1) consumer-oriented conduct; (2) deceptive acts by the defendants; and (3) injury caused by such deceptive acts. As this Court has acknowledged, "consumer-oriented conduct" is that which "potentially affects similarly situated consumers." Moreover, the Court must apply a "reasonable consumer" standard to the allegations. As such, plaintiff has alleged in detail that defendants have orchestrated a deceptive scheme to extort money from unsuspecting victims by virtue of deceptive websites where photographs are made available to the public for copying and use under "license for free," while defendants then falsely and deceptively claim that the use was without license and constitutes copyright infringement for which astronomical damages would be sought. As is clear from the allegations of the Amended Complaint, this deceptive scheme impacts not only plaintiff, but "similarly situated consumers" who have been duped into using the photos from the subject websites and been subject to the extortionate demands of the defendants. Moreover, plaintiff has alleged injury from these deceptive acts insofar as it was duped into using the photos and been forced to expend its time and resources in responding to defendants' extortionate demands. As

explained below, plaintiff merely needs to allege that the deceptive acts caused actual – *not necessarily pecuniary* – harm.

As this Court has repeatedly acknowledged, on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the well-pleaded and detailed allegations of the Amended Complaint must be accepted as true. Defendants' memorandum in support of their motion improperly includes extraneous factual assertions contained nowhere in the Amended Complaint nor in any evidence otherwise offered. Indeed, defendants arguments merely raise factual disputes and issues inappropriate to resolve on a motion to dismiss.

Thus, as further detailed below, plaintiff respectfully requests that defendants' motion to dismiss be denied in all respects.

## FACTS

Plaintiff respectfully refers to the Amended Complaint (DE 38, 38-1 & 38-2) for the relevant facts insofar as the allegations of the Amended Complaint must be accepted as true for purposes of this motion to dismiss.

## ARGUMENT

### I.

### STANDARDS APPLICABLE TO THIS MOTION, GEN. BUS. LAW SECTION 349 AND ELEMENTS OF THE CLAIM

As this Court acknowledged in numerous cases, including in its May 13, 2019 Order (DE 37, at 3-4), the legal standards on a motion to dismiss such as this are well-known:

> In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 664, 129 S.Ct. 1937, 1940, 173 L.Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 556 U.S. at 679.

Specifically, as to claims under New York General Business Law Section 349, the following pleadings standards apply:

"'[A]n action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), Fed.R.Civ.P., but need only meet the bare-bones notice-pleading requirements of Rule 8(a) ....' *Pelman ex rel. Pelman v. McDonald's Corp.,* 396 F.3d 508, 511 (2d Cir.2005)." *Woods v. Maytag Co.,* 2010 WL 4314313, at *14 (E.D.N.Y. Nov. 2, 2010)(Spatt, J.).

Moreover, in order to allege a claim under Section 349, the plaintiff does not need to allege the elements of common law fraud, as the court in *Ward v. TheLadders.com, Inc.,* 3 F.Supp.3d 151, 168 (S.D.N.Y. 2014) noted: "'A deceptive practice ... need not reach the level of common

3

law fraud to be actionable under section 349.' ... Moreover, scienter and reliance, which are elements of common law fraud, are not elements of a claim under GBL § 349. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741, 745 (1995)."

This Court has expressly acknowledged that deceptive acts under Section 349 need not amount to common law fraud:

> Thus, a Plaintiff failing to adequately plead a fraud claim does not necessarily also fail to plead a claim under GBL § 349. *See, e.g., Ng v. HSBC Mortg. Corp.,* NO. 07–CV–5434, 2010 WL 889256, at *14 (E.D.N.Y. March 10, 2010) ("Deceptive conduct that does not rise to the level of actionable fraud, may nevertheless form the basis of a claim under New York's Deceptive Practices Act, which was created to protect consumers from conduct that might not be fraudulent as a matter of law, and also relaxes the heightened standards required for a fraud claim."); *Williams v. Aries Financial, LLC,* No. 09–CV–1816, 2009 WL 3851675, at *10 (E.D.N.Y. Nov. 18, 2009) (granting the motion to dismiss the fraud claim for failure to plead with particularity under Rule 9(b), but denying the motion to dismiss the Consumer Protection Act claim).

*Woods,* 2010 WL 4314313, at *14 (Spatt, J.).

As this Court has noted, the elements of a Section 349 claim are basic and straightforward:

> New York State General Business Law, ("GBL"), § 349 makes illegal "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state ..." To successively state a claim pursuant to GBL § 349, a plaintiff must plead and prove: (1) a consumer-oriented transaction; (2) deceptive acts by the defendant; and (3) injury caused by such deceptive acts. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 647 N.E.2d 741, 623 N.Y.S.2d 529, 532 (1995). In *Oswego,* the New York Court of Appeals defined "consumer-oriented" conduct as that which "potentially affects similarly situated consumers." *Id.* at 533. As to the second factor, the Court looked to "whether [the] representations or omissions [were] likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.*

*Sorrentino v. ASN Roosevelt Ctr. LLC,* 579 F. Supp. 2d 387, 390–91 (E.D.N.Y. 2008)(Spatt, J.).

As briefly reviewed below and as further detailed in the Amended Complaint, plaintiff has sufficiently alleged each element of a claim under Section 349.

## II.

## PLAINTIFF HAS ADEQUATELY ALLEGED CONSUMER-ORIENTED CONDUCT, DECEPTIVE ACTS BY DEFENDANTS AND INJURY CAUSED BY SUCH DECEPTIVE ACTS

### A. Consumer-Oriented Conduct

Defendants ignore the well-pleaded and detailed allegations of the Amended Complaint in arguing that the deceptive acts detailed in the Amended Complaint only involve a single, private transaction with plaintiff. On the contrary, the Amended Complaint clearly alleges that the deceptive scheme perpetrated by defendants impacts a broad base of public consumers, rather than merely the plaintiff. Indeed, the entire premise of the Amended Complaint is a wide scale deceptive scheme that defendants perpetrate in conspiracy with copyright holders and others to dupe unsuspecting consumers into logging onto a publicly-available and easily found website to lure them into using the posted photos under free license so that defendants can then use extortionate tactics to extract unjustified payments by falsely alleging maximum statutory damages for copyright infringement. This public, consumer-oriented conduct is detailed in numerous allegations of the Amended Complaint: Please see Amended Complaint, ¶¶ 1, 2(a-p), 19-24, 67-70, 75-80. Indeed, plaintiff has alleged numerous reports of defendants' deceptive acts against other consuming members of the public, as described in the Amended Complaint. Please see, e.g., Amended Complaint, ¶¶ 75-79.

The foregoing allegations are sufficient to state a plausible claim under Section 349 insofar as they allege consumer-oriented deceptive acts that are not limited solely to a private transaction with plaintiff. Indeed, courts have acknowledged that deceptive acts perpetrated through and in connection with websites available to the public are sufficient to constitute consumer-oriented

conduct under Section 349. *See, e.g.*, *Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 644 (S.D.N.Y. 2016)(defendants' "website, reviews, and disclosures are plainly geared toward consumers, and 'the conduct at issue potentially affects similarly situated consumers because readers of the website browse the same site and are subject to the same allegedly deceptive conduct. … As such, plaintiff has adequately pleaded 'consumer-oriented' conduct.."); *Boltin v. Lavrinovich*, 28 Misc. 3d 1217(A), 958 N.Y.S.2d 59 (NY Sup. Ct. 2010)(defendant falsely posting on her website that she was a CPA constituted consumer-oriented conduct).

### B. Plaintiff Has Alleged Deceptive Acts

As noted above at pp.3-4, the deceptive conduct giving rise to a claim under Section 349 need not amount to common law fraud; nor is plaintiff obligated to allege the elements of fraud or plead with the particularity required for fraud claims. Plaintiff has clearly satisfied the pleading requirements for alleging deceptive conduct under Section 349: Please see Amended Complaint, ¶¶ 1, 2(a-p), 17-70, 83.

As noted above at p. 4, this Court has acknowledged that in judging whether the acts complained of are deceptive in nature, the court must apply a "reasonable consumer" test. Defendants' arguments seeking to claim that plaintiff had "an army of lawyers" reviewing the deceptive website at issue are, therefore, to no avail on a motion to dismiss or otherwise. Not only are such assertions factually incorrect and contrary to the allegations of the Amended Complaint (*see, e.g.*, ¶¶ 18, 25 & 26), but arguing the facts is inappropriate on a motion to dismiss such as this in any event.

In fact, similar arguments have been squarely rejected by the courts. For example, in *Zurakov v. Register.Com, Inc.*, 304 A.D.2d 176, 180–81, 760 N.Y.S.2d 13, 16–17 (1st Dept 2003), the Court denied defendants' motion to dismiss the Section 349 claim, rejecting defendants' arguments that their acts were not deceptive because consumers should have weeded through

6

website pages to decipher the deception themselves. Specifically, the Court noted that "the record is inconclusive as to whether a reasonable consumer acting reasonably and looking in the website would have come across the disclosures of defendant's practice of pointing the user of a new domain name to the 'Coming Soon' page." *See also Ward v. TheLadders.com, Inc.,* 3 F. Supp. 3d at 169 ("Accordingly, the disclaimers in the Terms of Use are insufficient to establish a defense as a matter of law. *See Goshen,* 746 N.Y.S.2d 858, 774 N.E.2d at 1197.").

The deceptive acts alleged in the Amended Complaint arise not only from the subject deceptive websites that lure unsuspecting consumers to use the photos, but also from defendants' extortionate tactics in falsely asserting that maximum statutory damages for copyright infringement are available when use under license does not constitute copyright infringement and the *de minimis* use made of the free photographs, without any actual damage to anyone, does not justify maximum statutory damages of $150,000.

Thus, the website page where the photographs are made available indicates explicitly that the user is offered a free license, and the image is fully accessible, without requiring the user to click anything else or confirm acknowledgment of any terms. *See* Amended Complaint, ¶¶ 22-24 & DE 38-1. In their motion to dismiss, Defendants argue with the facts, claiming that an additional document that is not contained on the original page of the website where the photograph is offered for free license contains a form of license that consumers should be expected to read and understand, although the consumer can freely use the photo without even looking at that page, let alone sign and acknowledge agreement to the terms. Nor does that document indicate who the parties to such contract would be. Under the circumstances, defendants conspired with others to make this process as convoluted and deceptive as possible for reasonable consumers.

Defendants themselves continue the deceptive scheme by threatening users of the photographs with maximum statutory damages of $150,000, knowing full well that such use

7

pursuant to license does not constitute copyright infringement. "It is well settled that state law rules of contract construction govern the interpretation of copyright transfer agreements, notwithstanding the federal statutory source of the rights at issue." *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 412 (2d Cir. 2018) (citing *Graham v. James*, 144 F.3d 229, 237 (2d Cir. 1998). When a work is subject to a license, the law does not entertain claims under the Copyright Act, as an "award of copyright damages in [any case involving a license] is problematic [because a] copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement." *See Graham*, 144 F.3d at 236 (citing *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 753 (11th Cir. 1997); *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1338–39 (9th Cir. 1990)); *see also United States Naval Inst. v. Charter Communications, Inc.*, 936 F.2d 692, 695 (2d Cir. 1991) (for the proposition that though a licensee "is capable of breaching the contractual obligations imposed on it by the license, [it] cannot be liable for infringing the copyright rights conveyed to it.").

With respect to claims of breach of a nonexclusive license that has no duration and grants broad, unrestricted rights to use a copyrighted work, the license (1) is not terminable at will by the licensor; (2) must be materially and willfully breached by the licensee in order to give rise to the licensor's right of rescission; and (3) must be expressly and formally rescinded before any use by the licensee can be deemed not subject to the license and thereby, considered copyright infringing use. *Graham*, 144 F.3d at 236–38; *see also TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 93 (2d Cir. 2005); *Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993). Furthermore, failure to attribute credit to the author is not a material breach such that a licensor may rescind a license because such obligations are considered covenants, not conditions. *See Graham*, 144 F.3d at 237 (citing *Grand Union Co. v. Cord Meyer Dev. Co.*, 761 F.2d 141, 147 (2d Cir. 1985); *Jacob*

*Maxwell, Inc.*, 110 F.3d at 754; *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 778 (7th Cir. 1996). Also, failure to attribute credit, alone, is not copyright infringement. *Graham*, 144 F.3d at 237.

In addition to *falsely* claiming that plaintiff's use of the image was without any license, defendants also sought to extract money from plaintiff by threatening it with $150,000 of statutory damages, knowing full well that under the circumstances of plaintiff's *de minimis* and innocent use, without any actual damages, $150,000 maximum statutory damages would be completely unjustified. Indeed, defendants sought to intimidate reasonable consumers into succumbing to defendants' extortionate demands in fear of these astronomical statutory damages that defendants threatened. See Amended Complaint, ¶¶ 44, 59, 66, 70(d).

### C.    Plaintiff Has Alleged Sufficient Injury to State a Claim Under Section 349

New York courts have uniformly held that the injury required for a Section 349 claim need not be pecuniary. *See, e.g., Boltin v. Lavrinovich*, 28 Misc. 3d 1217(A), 958 N.Y.S.2d 59 (NY Sup. Ct. 2010)("Only 'proof that a material deceptive act or practice *caused actual, although not necessarily pecuniary, harm*' is required to impose compensatory damages.'")(emphasis original), *quoting Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999). The Amended Complaint clearly and explicitly alleges that plaintiff sustained injuries: Please see ¶¶ 25, 26 & 81-84. Defendants are simply wrong that plaintiff has not alleged actual injury because plaintiff has alleged that it expended time and effort in defending itself against defendants' extortionate demands rather than actually paying an unjustified amount that defendants tried to extort.

### D.    Defendants are not Immune from this Section 349 Claim

Defendants are also wrong that they can conspire with others and orchestrate this deceptive scheme with complete immunity. Defendants cannot circumvent liability under Section 349 by taking issue with the facts alleged and asserting that they were innocently representing a client. On the contrary, plaintiff has alleged that defendants were seeking to extort money through bad

9

faith and deceptive tactics. The Amended Complaint specifically details defendants' bad faith (¶¶ 39-44, 66 & 80) as well as their deceptive acts (¶¶ 47-70).

### E. This Court has Diversity Jurisdiction Over the Section 349 Claim

Finally, defendants make a half-hearted attempt to convince the Court to dismiss the Section 349 claim by arguing that it is strictly a cause of action under state law over which this Court lacks jurisdiction. *See* defendants' memo of law (DE 39-1 at p. 13). Defendants do not, however, dispute *diversity jurisdiction* in this action, which has been adequately alleged. *See* Amended Complaint, ¶¶ 4-9. As such, this Court has subject matter jurisdiction over the state law claim.

### CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that defendants' motion to dismiss be denied and that plaintiff be granted such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
July 10, 2019

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Pro Se
By: /s/
Kevin Schlosser
990 Stewart Avenue, Suite 300
Garden City, New York 11530-9194
Tel.: (516) 741-6565
kschlosser@msek.com

4274939