FILED
CLERK

2:22 pm, Mar 09, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.,

                Plaintiff,

   -against-

MATHEW K. HIGBEE and HIGBEE &
ASSOCIATES,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:18-cv-03353 (ADS)(ARL)

**APPEARANCES:**

**Meyer, Suozzi, English & Klein, P.C.**
*Attorneys for the Plaintiff*
990 Stewart Avenue, Suite 300
POB 9194
Garden City, NY 11530
     By:   Kevin Schlosser, Esq., Of Counsel.

**Ngo Law Practice**
*Attorneys for the Defendants*
715 East 3900 South Suite 209
Salt Lake City, UT 84107
     By:   Rayminh Ngo, Esq., Of Counsel.

**SPATT, District Judge**:

      Plaintiff Meyer, Suozzi, English & Klein, P.C. (the "Plaintiff") brings this action against Mathew K. Higbee, Esq. ("Higbee"), and Higbee & Associates (collectively, the "Defendants") seeking damages and other relief for alleged false, fraudulent and deceptive practices by the Defendants in violation of N.Y. Gen. Bus. L. § 349 ("Section 349").

      Presently before the Court is a motion by the Defendants, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. For the following reasons, the Court dismisses

1

the Amended Complaint for lack of subject matter jurisdiction and denies the Defendants' motion to dismiss as moot.

## I. BACKGROUND

The Plaintiff is a law firm in Garden City, New York. Nicholas Youngson ("Youngson") is a photographer who resides in the United Kingdom. RM Media, Ltd. is a foreign business entity that operates in the United Kingdom. Higbee is a California-licensed attorney, and Higbee & Associates is a law firm with a principal place of business in California.

On or about December 26, 2017, the Plaintiff published an article (the "Article"). To accompany the Article, the Plaintiff used a generic stock photograph (the "Image") taken from a website hosted by a party called the Blue Diamond Gallery. After the Plaintiff used the Image, the Defendants sent a number of letters, e-mails and calls claiming to represent RM Media, Ltd. concerning the Image, which is a copyrighted work registered to Youngson. According to the Plaintiff, these communications threatened to bring claims for copyright infringement asserting damages of up to $150,000 unless the Plaintiff agreed to a settlement amount of $5,280.

The Plaintiff claims that the Defendants sent these demands knowing that they lacked a good faith basis for claiming copyright infringement, and solely as a means for harassing and intimidating the Plaintiff into paying an unjustified settlement. Specifically, the Plaintiff believes that there can be no claim of copyright infringement as a matter of law because the Defendants offered the Image under license free of charge, including for commercial purposes.

Based on these facts, on June 7, 2018, the Plaintiff brought the instant suit asserting two causes of action. In the first cause of action, the Plaintiff sought a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that (a) its use of the Image under license does not constitute copyright infringement as a matter of law, and (b) the Defendants cannot

2

sustain any claim for breach of the license because there are no resulting damages. In the second cause of action, the Plaintiff asserted that it is entitled to damages under Section 349 due to the Defendants' supposed attempt to extort money from the Plaintiff under false claims of copyright infringement.

On April 2, 2019, the Plaintiff submitted a notice of voluntary dismissal withdrawing its claims against Youngson and RM Media, Ltd. pursuant to Rule 41(a)(1)(A)(i), so that Higbee and Higbee & Associates became the sole remaining defendants.

On May 13, 2019, the Court granted a motion to dismiss by the Defendants, finding that it lacked subject matter jurisdiction over the declaratory judgment cause of action and declining to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the Section 349 cause of action. However, the Court permitted the Plaintiff leave to file an amended complaint asserting diversity jurisdiction because complete diversity exists between the parties, as the Plaintiff resides in New York and the Defendants reside in California.

On May 12, 2019, the Plaintiff filed the Amended Complaint asserting a single cause of action under Section 349. The Amended Complaint invokes the diversity jurisdiction of the Court pursuant to 28 U.S.C. § 1332. As to the amount in controversy, the Amended Complaint states: "The amount in controversy herein exceeds the sum or value of $75,000." ECF 38 ¶ 85.

On June 27, 2019, the Defendants moved to dismiss the Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6).

## II. DISCUSSION

Although the Defendants move to dismiss for failure to state a claim pursuant to Rule 12(b)(6), their motion separately asks the Court to dismiss the Amended Complaint for lack of subject matter jurisdiction. The Court "must decide the jurisdictional question first because a

disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Magee v. Nassau Cty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998); *see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir.1990). Further, the Court may raise the question of subject matter jurisdiction at any point in the proceedings, *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir.1983), and it has a "responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." *Richmond v. Int'l Bus. Machines Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996).

The Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants the Court "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id* § 1332(a)(1). Although the Plaintiff has satisfied the requirement of complete diversity of citizenship, the Court finds that the Amended Complaint fails to allege facts sufficient to establish an adequate amount in controversy.

The party asserting diversity jurisdiction "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir.2003) (citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). Normally, parties easily satisfy this requirement because there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* (citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir.1999)).

Here, the only fact alleged by the Amended Complaint regarding the amount in controversy is its assertion that: "[t]he amount in controversy herein exceeds the sum or value of $75,000."

ECF 38 ¶ 85. This boilerplate recital of the diversity jurisdiction statute is wholly conclusory and is "not entitled to a presumption of truth." *Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013); *Maitland v. Lunn*, No. 14-cv-5938, 2017 WL 1088122, at *5 (E.D.N.Y. Mar. 21, 2017) ("Plaintiffs cannot rely on speculative or conclusory allegations."); *Turban v. Bar Giacosa Corp.*, No. 19-cv-1138, 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019) ("[T]he Court is not required to presume that bare allegations in the complaint are a good faith representation of the actual amount in controversy.").

What is more, it is apparent from the other facts in the Amended Complaint that the Plaintiff possesses no plausible basis for making that assertion. The Plaintiff received a demand letter from the Defendants seeking $5,280 to settle a threatened lawsuit with damages "of up to $150,000." ECF 38-2; *see also* ECF 38 ¶¶ 1, 2(j), 2(l), 37, 56. The Amended Complaint alleges that the Plaintiff suffered damages because (1) its marketing personnel were misled into using the Image based on the deceptive manner in which the Image was offered for use; and (2) it expended time and effort in defending itself against the Defendants' demands. ECF 38 ¶ 83. Construing the facts as favorably to the Plaintiff as possible, neither theory can reasonably support a damages award in excess of $75,000, because Section 349 only permits "actual or pecuniary harm that is separate and apart from the alleged deception itself." *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-cv-01058, 2012 WL 4482057, at *7 (E.D.N.Y. Sept. 26, 2012).

The fact that the Plaintiff would not have used the Image on the Blue Diamond Gallery but for the Defendants' allegedly deceptive practices "is not legally cognizable under Section 349 because [that allegation] 'sets forth deception as both act and injury.'" *Derbaremdiker*, 2012 WL 4482057, at *7 (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 51, 56, 698 N.Y.S.2d 615, 720 N.E.2d 892 (N.Y.1999)). In that regard, the New York Court of Appeals explicitly rejected

5

the theory that "consumers who buy a product that they would not have, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349." *Small*, 94 N.Y.2d at 56, 720 N.E.2d 892.

As for the Plaintiff's theory that it was damaged by expending time and effort, it is inconceivable that the monetary value of those efforts exceeded $75,000, fifteen times greater than the settlement demand, to defend against an allegation of copyright infringement that never culminated in an actual lawsuit. *See Harris v. Fraser*, No. 19-cv-6844, 2020 WL 32435, at *2 (E.D.N.Y. Jan. 2, 2020) ("Despite the plaintiff's claim that he is entitled to $6 million in damages, he fails to plead any plausible facts that suggest a 'reasonable probability' that he can recover that amount in this action to meet the statutory jurisdictional requirement."); *Larios v. U.S. Gov't*, No. 15-cv-3239, 2015 WL 4676855, at *4 (E.D.N.Y. Aug. 6, 2015) (finding no diversity jurisdiction existed where "it [was] not plausible that failure to take [the plaintiff's] bus ticket could put in controversy $75,000 or more"); *Pratt v. Kilo Int'l, LLC*, No. 14-cv-834, 2015 WL 1034406, at *4 (E.D.N.Y. Mar. 10, 2015) (finding court lacked subject matter jurisdiction because the plaintiff "failed to plausibly allege that the amount in controversy threshold has been met"); *Turban*, 2019 WL 3495947, at *2 (finding pleading failed to allege amount in controversy requirement because "the allegation [was] not plausibly supported by any of the other factual allegations").

To the extent that the Plaintiff asserts that the demand for attorney's fees in the Amended Complaint satisfies the amount in controversy requirement—an argument it has not explicitly made—the Court also finds that to be an insufficient basis for invoking its diversity jurisdiction. "Courts in the Second Circuit hold that where a plaintiff brings claims under a state statute permitting courts to award attorneys' fees as a matter of discretion, not a matter of right, then such fees will not meet the jurisdictional amount requirement set forth in 28 U.S.C. § 1332." *Cohen v.*

*KIND L.L.C.*, 207 F. Supp. 3d 269, 272 (S.D.N.Y. 2016). This holding precludes utilizing attorney's fees under Section 349 as a basis for satisfying the amount in controversy requirement. *See Jeffrey's Auto Body, Inc. v. Progressive Cas. Ins. Co.*, No. 12-cv-776, 2013 WL 592677, at *4 (N.D.N.Y. Feb. 14, 2013). Moreover,"[t]he rule in New York is that an award of fees 'in excess of the amount involved in a litigation would normally appear to be unreasonable.'" *Burton v. PGT Trucking, Inc.*, No. 16-cv-9985, 2018 WL 2849721, at *2 (S.D.N.Y. June 11, 2018). In light of the foregoing, it is simply not plausible that the Plaintiff would be entitled to attorney's fees in excess of $75,000 based on the facts alleged in the Amended Complaint.

Therefore, the Court finds that it lacks subject matter jurisdiction because the Amended Complaint fails to allege facts that would plausibly assert an amount in controversy sufficient to create diversity jurisdiction. Further, the Court will not provide the Plaintiff leave to amend because it "neither request[s] leave to amend . . . nor give[s] any indication that [it is] in possession of facts that would cure the problems identified in this[.]" *Turban*, 2019 WL 3495947. The Court previously granted the Plaintiff leave to add facts to the Amended Complaint supporting the exercise of the Court's subject matter jurisdiction, after which the Plaintiff only included a mere boilerplate recitation of the diversity jurisdiction statute. As such, it is apparent that any future amendments in that regard would be futile.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses the Amended Complaint for lack of subject matter jurisdiction without leave to amend and denies the Defendants' motion to dismiss as moot. The Clerk of the Court is respectfully directed to close the case.

7

It is **SO ORDERED**:

Dated: Central Islip, New York

March 9, 2020

                                                                                     /s/ Arthur D. Spatt

                                                                                     ARTHUR D. SPATT

                                                                                 United States District Judge